C. D. Michel - S.B.N. 144258
Scott M. Franklin - 250254
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN  DISTRICT OF CALIFORNIA

### ROBERT T. MATSUI FEDERAL COURTHOUSE

| | |
|---|---|
| TWIN SISTERS GUN CLUB, an Unincorporated Association, and THOMAS BOCK, | CASE NO. |
| Plaintiffs/Petitioners, | COMPLAINT FOR: |
| vs. | **(1) VIOLATION OF FEDERAL CIVIL RIGHTS UNDER COLOR OF LAW (42 U.S.C. §1983);** |
| WILLIAM F. EMLEN, MINH C. TRAN, COUNTY OF SOLANO, and DOES 1-10, | **(2) WRIT OF ADMINISTRATIVE MANDAMUS OVERTURNING REPUDIATION OF NONCONFORMING USE DETERMINATION AND RELATED BUSINESS LICENSE DENIAL (CAL. CODE CIV. PROC. §§1094.5, 1094.6); AND** |
| Defendants/Respondents. | **(3) WRIT OF ORDINARY MANDAMUS COMPELLING COMPLIANCE WITH ZONING CLEARANCE REQUIREMENTS (CAL. CODE CIV. PROC. §1085).** |
| | **DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.  Jurisdiction of this action is founded on 28 U.S.C. §1331, in that this action arises under the Constitution and laws of the United States, and on 28 U.S.C. §1343, 42 U.S.C. §1983, and 42 U.S.C. §1988, insomuch as this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California and political subdivisions thereof, of rights, privileges, or immunities secured by the United States Constitution and by Acts of Congress.

2.  The Court has supplemental jurisdiction over PLAINTIFFS' state law claims asserted herein under CALIFORNIA CODE OF CIVIL PROCEDURE §§1085, 1094.5, and 1094.6 pursuant to 28 U.S.C. §1367 because such claims arise out of the same case or controversy as the federal claims.

3.  Venue in this judicial district and division is proper under Eastern District Local Rule 120(d), and under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

4.  Plaintiff Thomas Bock is a citizen of the United States and a resident of Fairfield, Solano County, California.

5.  Twin Sisters Gun Club is an unincorporated association that operates as a members-only shooting club in unincorporated Solano County ("County"). Plaintiffs Bock and Twin Sisters Gun Club are hereinafter referred to as PLAINTIFFS.

6.  Defendant William F. Emlen is an employee of Defendant County, and at all times relevant hereto was the County's Director of Resource Management and Business Licensing Officer. Mr. Emlen is one of the ultimate policy makers, if not the ultimate policy maker, for the Department of Resource Management, including during the time that the policies and procedures promulgated and executed by him and by other Defendants as described below resulted in the County's improper

denial of the business license application filed by Thomas Bock. Mr. Emlen has

direct control over promulgating, enforcing, and continuing the policies of his

predecessors. PLAINTIFFS are informed and believe, and thereupon allege that, at

all times relevant hereto, Mr Emlen was acting in the course and scope of his

employment with Defendant County. Mr. Emlen is, and was at certain times

identified hereinbelow, acting under color of State law within the meaning of 42

U.S.C. §1983. Mr. Emlen is sued solely in his official capacity, and monetary

damages are not sought from him individually.

7. Defendant Minh C. Tran is an employee of the County of Napa and

currently holds the title of County Counsel for that county. The County appointed

Mr. Tran to act as a hearing officer on behalf of the County regarding the relevant

matter, and as such, he was an agent of the County at all times relevant hereto. Mr.

Tran is, and was at certain times identified hereinbelow, acting under color of State

law within the meaning of 42 U.S.C. §1983. Mr. Tran is sued solely in his official

capacity as an authorized agent of the County, and monetary damages are not

sought from him individually.

8. Defendant County is legally responsible for the overall operation of

Department of Resource Management and County Counsel's Office, pursuant to

official decision-making channels, in policy, practices, customs, or law. Defendant

County is, and at time relevant hereto was, a political subdivision of the State.

9. PLAINTIFFS are unaware and genuinely ignorant of the true identities of

DOES 1 through 10. Doe Defendants are fictitiously named. The true names and

capacities of the Doe Defendants are unknown to PLAINTIFFS at the time of filing

of this complaint. Plaintiffs will amend this complaint to show the true names and

capacities of these Doe Defendants when the same have been ascertained.

Defendants Emlen, Tran, County of Solano, and all subsequently-named Doe

Defendants, are hereinafter collectively referred to as DEFENDANTS.

PLAINTIFFS are informed and believe, and thereupon allege that, at all times

herein mentioned, Doe Defendants, and each of them, were the agents, servants, employees, representatives, and/or other persons or entities acting or purporting to act on DEFENDANTS' behalf or over whom DEFENDANTS exercised management and control, and were acting within the course and scope of such agency and/or employment. PLAINTIFFS are informed and believe, and thereupon allege that, each of the DEFENDANTS named herein as DOES 1 through 10 were in some manner acting unlawfully or otherwise responsible for the events and happenings alleged herein.

**FACTUAL ALLEGATIONS**

10.  Plaintiff Thomas Bock owns an interest in a 160-acre parcel of land in rural Solano County (the "Property"). The Property has been used for various outdoor activities, including livestock grazing, camping, hunting, and, since at least 1951, target shooting.

11.  The Property includes land that has historically been referred to as Twin Sisters Park and Twin Sisters Gun Club.

12.  As Defendant County's population increased, so too have Plaintiff Twin Sisters Gun Club's neighbors and noise complaints.

13.  Notwithstanding that CALIFORNIA CIVIL CODE §3482.1 generally exempts pre-existing shooting ranges from later-enacted sound pollution laws, a handful of vocal citizens began pressuring Defendant County around 2011 about the noise coming from the Property.

14.  At that time, Plaintiff Twin Sisters Gun Club was being operated by Craig Bock, a veteran who wanted to update and improve the shooting range at the Property.

15.  Craig Bock was killed in a traffic accident in 2015, a tragedy that opponents to Plaintiff Twin Sisters Gun Club expressly saw as an opportunity to exploit.

16.   Soon after Craig Bock's death, the opponents increased their complaints to Defendant County, while at the same time, Craig Bock's family continued to operate Plaintiff Twin Sisters Gun Club.

17.   When Defendant County undertook a formal investigation of a 2016 complaint that Plaintiff Twin Sisters Gun Club was operating without permits, it found Plaintiff Twin Sisters Gun Club was a legal non-conforming use and officially closed the investigation in October 2015.

18.   SOLANO COUNTY CODE §28.118(a) allows the Director of Resource Management to delegate the authority to make nonconforming use determinations.

19.   Defendant County, and Defendant Emlen specifically, have each delegated the authority to make nonconforming use determinations to other County employees, including to Planning Manager Michael Yankovich.

20.   In light of Plaintiff Bock's desire to legally continue a longstanding family operation, and on the specific instruction of an officer of the County's Sheriff's Office, Plaintiff Bock sought a business license for Plaintiff Twin Sisters Gun Club on January 5, 2016.

21.   Plaintiff Bock sought a business license for Plaintiff Twin Sisters Gun Club (application number IC-0724) based on a representation made by an employee of Defendant County in the latter part of 2015 that Plaintiff Twin Sisters Gun Club was a legal nonconforming use.

22.   Business license applications are processed by Defendant County's Department of Resource Management.

23.   Instead of properly processing his application pursuant to the applicable law, Defendant County, without explanation, repudiated its prior determination made only months earlier that Plaintiff Twin Sisters Gun Club was a legal nonconforming use.

24.   Specifically, SOLANO COUNTY CODE §28.114(g) requires Defendant County to complete a zoning clearance before issuing a business license related to a

nonconforming use.

25.  However, Defendant County never completed a zoning clearing related to Plaintiff Bock's business licence application prior to denying the license.

26.  On information and belief, Defendant Emlen made a decision to not complete the zoning clearance process for Mr. Bock's application.

27.  On information and belief, Defendant Emlen made this decision even though the County had previously determined Twin Sisters Gun Club was a legal nonconforming use.

28.  Assuming a permit is required to operate a shooting range at the Property, the date such requirement commenced was December 30, 1958, meaning the Twin Sisters Gun Club became a legal but nonconforming use after that date.

29.  On June 21, 2016, Defendant County sent Plaintiff Bock a letter stating that he could not get a business license unless he provided evidence proving that a shooting range had been in operation at the Property since the date the nonconformity commenced.

30.  In addition, this letter also stated that Defendant County's future determination of whether a nonconforming use existed at all was dependant on Plaintiff Bock providing proof that the current scope of operations was the same as it was when the shooting range use became nonconforming.

31.  Thereafter, Defendant County's attorneys communicated with Plaintiff Bock's attorney to discuss the nonconforming use issue.

32.  Plaintiff Bock's attorney explained that the existence of a nonconforming use is not dependant on whether or not the scope of the relevant use had expanded, but stated that Plaintiff Bock was nonetheless open to working with Defendant County to set the scope of operations going forward.

33.  The Department of Resource Management chose not to work with Plaintiff Bock to set the scope of operations allowable under a new business license.

42 U.S.C. §1983 COMPLAINT & PETITION FOR WRIT(S) OF MANDAMUS

34.  Instead, on August 26, 2016, Defendant County issued a final denial of Plaintiff Bock's business license application, claiming that Plaintiff Bock failed to meet the evidentiary standard proffered by Defendant County (i.e., to prove the existence of a nonconforming use, Plaintiff Bock would have to produce evidence that the scope of Twin Sisters' Gun Club operations in 1948 was the same as it was in 2016), and that without a nonconforming use or a use permit, the business license application was denied.

35.  On information and belief, Defendant Emlen knew or reasonably should have known that the County had already made a determination that Plaintiff Twin Sisters Gun Club was a nonconforming use when he signed the business license application denial in August 2016.

36.  On information and belief, Defendant County made the determination to not honor its nonconforming use determination based in part on the fact that it did not want to engage in the zoning clearance process for a shooting range.

37.  On information and belief, Defendant County made the determination to not honor its nonconforming use determination based in part on the fact that nuisance complaints had been made regarding Plaintiff Twin Sisters Gun Club.

38.  On information and belief, at the time Defendant County issued the business license application denial, Defendant County believed Plaintiff Bock could not pay for the cost of seeking a Conditional Use Permit for a shooting range at the Property.

39.  In mid-to-late-2016, Defendant County demanded that Plaintiff Twin Sisters Gun Club cease operations (excluding certain small-scale personal usage), both through communications from County's Office of County Counsel and at least one in-person visit from a member of the County's Sheriff's Office. Twin Sisters Gun Club complied with that demand.

40.  PLAINTIFFS believed if Twin Sisters Gun Club continued to operate, Plaintiff Bock and others would be subject to prosecution for running a business

42 U.S.C. §1983 COMPLAINT & PETITION FOR WRIT(S) OF MANDAMUS

1    without a license.

2        41.  Plaintiff Twin Sisters Gun Club has been effectively closed since at least

3    fall 2016.

4        42.  Plaintiff Bock timely appealed the denial of the business license

5    application on September 12, 2016.

6        43.  Defendant Tran, County Counsel for the County of Napa, conducted the

7    hearing on the business license application denial appeal, which was held February

8    17, 2017 (the "Hearing").

9        44.  Defendant Tran acted as a hearing officer at the Hearing, pursuant to a

10   designation made by Defendant County, as allowed by SOLANO COUNTY CODE 14-

11   32(b).

12       45.  Defendant County was represented at the Hearing by Deputy County

13   Counsel Davina S. Smith.

14       46.  Prior to the Hearing, Ms. Smith submitted a brief to the hearing officer

15   arguing, among other things, that Plaintiff Twin Sisters Gun Club's nonconforming

16   use status had been abandoned.

17       47.  Defendant Tran was represented at the Hearing by Deputy County

18   Counsel Jim Laughlin.

19       48.  On information and belief, during the hearing, Ms. Smith made

20   representations that Defendant County's (later repudiated) nonconforming use

21   determination was not valid because it was not made by Director of Resource

22   Management Bill Emlen, when in fact Ms. Smith had reason to know Defendant

23   Emlen was aware of and participated in the decision to close the relevant complaint

24   based on a finding that the PLAINTIFFS had a legal nonconforming use.

25       49.  During the Hearing, Ms. Smith offered as evidence a declaration from

26   Planning Manager Mike Yankovich, even though Mr. Yankovich was not made

27   available for examination at the Hearing.

28       50.  The Yankovich Declaration does not include any claim as to whether

7

42 U.S.C. §1983 COMPLAINT & PETITION FOR WRIT(S) OF MANDAMUS

Defendant Emlen was actually involved in the decision to identify Twin Sisters Gun Club as a legal nonconforming use, even though, based on information and belief, both Mr. Yankovich and Defendant Emlen were involved in making the determination that the Property was a legal nonconforming use.

51.   During the Hearing, Ms. Smith stated that Defendant County disputes a non-conforming use determination was made, even though, based on information and belief, Ms. Smith made that statement with knowledge not only that such determination had been made, but also that such determinations are normally made without approval by Defendant Emlen, and that in this instance, Defendant Emlen had been involved in making the prior nonconforming use determination.

52.   On information and belief, County Counsel for Defendant County, Dennis Bunting, was aware of, and participated in, the strategy employed by Ms. Smith whereby she represented to the hearing officer that no nonconforming use determination was ever made.

53.   On information and belief, Defendant County has a policy by which it allows its department heads to both delegate decision-making authority as to the existence of a nonconforming use while nonetheless allowing the department heads to have unfettered discretion to retroactively invalidate decisions made via the delegation of authority.

54.   Defendant Tran issued written findings on April 24, 2017, upholding the denial of the business license application.

55.   The findings of April 24, 2017, make no reference to the fact that Plaintiff Bock presented evidence that Defendant County twice made a determination that the Property was a nonconforming use, notwithstanding the position it took after Plaintiff Bock applied for a business license.

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF:**

**Violation of Civil Rights Under Color Of Law**

**(42 U.S.C. §1983)**

**Against all Defendants**

56.  PLAINTIFFS fully reincorporate Paragraphs 1-55, supra, as though fully alleged hereinafter.

57.  Actions taken by state governmental officials in carrying out their official responsibilities, even if contrary to state law, are nevertheless actions taken "under color of law." Monroe v. Pape, 365 U.S. 167, 186–87 (1961) (overruled on other grounds by Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)).  At all times relevant hereto, DEFENDANTS acted "under color of law" within the meaning of 42 U.S.C. §1983.

58.  As set forth hereinabove, and for all times relevant to this litigation, DEFENDANTS adopted a policy that nonconforming use determinations made via an express or implied delegation of authority can be repudiated by the Director of Resource Management without prior notice, hearing, or explanation.

59.  On information and belief, DEFENDANTS, and each of them, were aware that their unwritten policy of disregarding prior nonconforming use determinations was inconsistent with Constitutional due process requirements.

60.  As a result of the County's unlawful policy, PLAINTIFFS lost a valuable property right in the nonconforming use Defendant County now claims was never recognized as such and that Defendant County accordingly contends is not a legal nonconforming use.

61.  The Fifth Amendment to the United States Constitution provides in part that "[n]o person shall be . . . deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation." This prohibition against taking of private property for public use without just compensation is applicable to state and local governments under the

1   Fourteenth Amendment.

2      62.  The Fourteenth Amendment to the United States Constitution provides in

3   part that no State shall "deprive any person of . . . property, without due process of

4   law."

5      63.  PLAINTIFFS seek a remedy against DEFENDANTS based on Defendant

6   County's decision to repudiate its  acknowledgment of a legal nonconforming use,

7   which operates as a denial of the existence of the legal nonconforming use and

8   constitutes an unlawful taking of property, and thus, violates PLAINTIFFS' right to

9   due process under the Fifth and Fourteenth Amendments to the United States

10  Constitution.

11     64. The fact that the Hearing took place does not have an effect on the

12  violation of PLAINTIFFS' due process rights because it was legally meaningless;

13  Defendant County's policy of ignoring an extant nonconforming use (and the

14  County's own determination thereof), which was applied both before and after the

15  Hearing, renders the Hearing redundant and insufficient for due process purposes.

16     65.  On information and belief, the execution of the unlawful policy that

17  resulted in the loss of PLAINTIFFS' nonconforming use was done with the intent

18  and knowledge that such policy violated PLAINTIFFS' due process rights.

19                    **SECOND CLAIM FOR RELIEF:**

20                   **Writ of Administrative Mandamus**

21                   **(CAL. CODE CIV. PROC. §1094.5)**

22            **Against Defendants EMLEN, TRAN, and COUNTY**

23     66. PLAINTIFFS fully reincorporate Paragraphs 1-55, supra, as though fully

24  alleged hereinafter.

25     67.  By denying PLAINTIFFS' business license application based on a prior

26  repudiation of an existing nonconforming use—a nonconforming use that

27  Defendant County had twice previously found to exist and relied on

28  accordingly—Defendant County has violated CALIFORNIA CODE OF CIVIL

1  PROCEDURE §1094.5(b) because it has exercised powers in excess of its jurisdiction

2  and failed to provide a fair and proper hearing when it: (a) repudiated its prior

3  nonconforming use determinations; and (b) denied PLAINTIFFS' business license

4  application, causing PLAINTIFFS to suffer a prejudicial abuse of discretion.

5      68.  The Hearing was required by law.

6      69.  The Hearing was legally required to include the taking of evidence.

7      70.  Discretion was vested in the hearing officer to adjudicate the denial of

8  PLAINTIFFS' business license application.

9      71.  The findings issued on April 24, 2017, are a final administrative order or

10  decision.

11     72.  PLAINTIFFS have no plain, speedy, and adequate remedy, in the ordinary

12  course of law, to redress the conduct at issue in this cause of action.

13                     **THIRD CLAIM FOR RELIEF:**

14                     **Writ of Ordinary Mandamus**

15                     **(CAL. CODE CIV. PROC. §1085)**

16                 **Against Defendants EMLEN and COUNTY**

17     73.  PLAINTIFFS fully reincorporate Paragraphs 1-58, supra, as though fully

18  alleged hereinafter.

19     74.  By denying PLAINTIFFS' business license application based on a prior

20  denial of an existing nonconforming use—a nonconforming use that Defendant

21  County had twice previously found to exist and relied on such determination

22  accordingly—Defendant County has violated CALIFORNIA CODE OF CIVIL

23  PROCEDURE §1085 because it had a ministerial duty to recognize the previously

24  established nonconforming use and perform a proper zoning clearance when it

25  processed the relevant business license application, and Defendant County

26  knowingly did not perform that task.

27     75. Defendant County, acting through Defendant Emlen, has a clear and

28  present duty to recognize the previously established nonconforming use and

---

11

1   perform a proper zoning clearance.

2       76.  PLAINTIFFS have a clear, present, and beneficial right in Defendant

3   County recognizing the previously established nonconforming use and performing

4   a proper zoning clearance in response to PLAINTIFFS' business license

5   application.

6       77.  Defendant County's failure to recognize the previously-established

7   nonconforming use and perform a proper zoning clearance caused PLAINTIFFS to

8   suffer prejudice and damage in, at the least, the loss of a valuable nonconforming

9   use.

10       78.  PLAINTIFFS have no plain, speedy, and adequate remedy, in the ordinary

11   course of law, to redress the conduct at issue in this cause of action.

12   **PRAYER**

13   WHEREFORE PLAINTIFFS pray for relief as follows:

14       1.  For remedies available pursuant to 42 U.S.C. §1983, including declaratory

15   relief as to the due process violations alleged herein, an award of lost profits, an

16   award of reasonable attorney's fees, costs, and expenses pursuant to 28 U.S.C.

17   §2412, 42 U.S.C. §1988;

18       2.  For a peremptory writ of mandate pursuant to CALIFORNIA CODE OF CIVIL

19   PROCEDURE §1085, directed to Defendant County, compelling it, its employees,

20   agents, officers, and all persons acting on its behalf or in concert therewith, to set

21   aside the hearing officer's denial of PLAINTIFFS' business license application,

22   and further requiring Defendant County to reconsider PLAINTIFFS' business

23   license application and perform a zoning clearance pursuant to Defendant County's

24   Code in light of the nonconforming use previously recognized by Defendant

25   County;

26       3.  For a peremptory writ of mandate pursuant to CALIFORNIA CODE OF CIVIL

27   PROCEDURE §1094.5, directed to Defendant County, compelling it, its employees,

28   agents, officers, and all persons acting on its behalf or in concert therewith, to set

1  aside the hearing officer's denial of PLAINTIFFS' business license application,

2  and further requiring Defendant County to reconsider PLAINTIFFS' business

3  license application and perform a zoning clearance pursuant to Defendant County's

4  Code in light of the nonconforming use previously recognized by Defendant

5  County;

6      4.  For costs and attorneys' fees as provided for by law under CALIFORNIA

7  CODE OF CIVIL PROCEDURE §1021.5 and CALIFORNIA RULES OF COURT, RULE

8  3.1700; and

9      5.  For any other relief this Court deems just and proper.

10

11  ***Plaintiffs demand a jury trial on all claims so triable.***

12

13   Dated: July 21, 2017                    Michel & Associates, P.C.

14

15                                           /s/C.D. Michel
                                             _____
16                                           C.D. Michel
                                             Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

42 U.S.C. §1983 COMPLAINT & PETITION FOR WRIT(S) OF MANDAMUS

## **VERIFICATION**

I, Scott M. Franklin, declare as follows:

I am one of the attorneys for Twin Sisters Gun Club and Thomas Bock ("Plaintiffs"). I have read the foregoing complaint and know its contents. I am informed and believe the matters therein to be true and on that ground allege that the matters stated therein are true. Because my client is absent from the county where I have my office, I, rather than Plaintiffs, verify this petition.

I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on July 21, 2017, at Glendale, California.

_____
Scott M. Franklin, Declarant