Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RAYMOND BANGLE III – SBN 105057
NICHOLAS R. SHEPARD – SBN 300629
3638 American River Drive
Sacramento, CA 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430

Attorneys for Defendants WILLIAM F. EMLEN,
MINH C. TRAN and COUNTY OF SOLANO

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN SISTERS GUN CLUB, an Unincorporated Association, and THOMAS BOCK, | Case No: 2:17-cv-01526-MCE-GGH |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS WILLIAM F. EMLEN, MINH C. TRAN AND COUNTY OF SOLANO'S MOTION TO DISMISS** |
| v. | |
| WILLIAM F. EMLEN, MINH C. TRAN, COUNTY OF SOLANO, and DOES 1-10, | **Date: October 19, 2017** |
| Defendants. | **Time: 9:00 A.M.** |
| | **Courtroom: 9, 13th Floor** |

///
///
///
///
///
///
///
///
///
///
///

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................... i

Memorandum of Points and Authorities in Support of Defendants William F. Emlen, Minh C. Tran and County of Solano's Motion to Dismiss ........................................... 1

I.   Introduction .......................................................................................................... 1

II.  Procedural Background ......................................................................................... 1

III. Factual Background .............................................................................................. 1

IV.  Legal Argument .................................................................................................... 4

    A.   The Court Lacks Subject Matter Jurisdiction to Hear Plaintiffs' Mandamus Claims (Claims Two and Three) ........................................ 4

    B.   Plaintiffs' First Claim, Pursuant to 42 U.S.C. § 1983 and the 5th Amendment's Taking Claus, is Not Ripe for Adjudication ................. 6

    C.   Plaintiffs' First Claim Fails to State Facts Sufficient to Constitute a Claim for Violation of Plaintiffs' Due Process Rights as to the County ...................................... 8

    D.   Complaint Fails to State Facts Sufficient to Constitute any Claim Against Defendants Emlen and Tran ........................................... 10

    E.   Defendants Emlen and Tran are Immune from Suit ............................... 12

        1.   Defendants Emlen and Tran are Entitled to Judicial Immunity ...... 12

        2.   Even if Judicial Immunity Does Not Apply, Defendants Emlen and Tran Are Entitled to Qualified Immunity ..................................... 15

    F.   Leave to Amend Should be Denied ........................................................ 16

V.   Conclusion .......................................................................................................... 17

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS WILLIAM F. EMLEN, MINH C. TRAN AND COUNTY OF SOLANO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT*

# TABLE OF AUTHORITIES

**Cases**

*Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) ..................................................... 13

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ..................................................................... 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................... 2, 4

*Austin v. City and County of Honolulu*, 840 F.2d 678 (9th Cir.) ...................................... 7

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696 (9th Cir. 1988) ................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 2, 4, 8

*Buckles v. King County*, 191 F.3d 1127 (9th Cir. 1999) ............................................... 13, 14

*Butz v. Economou*, 438 U.S. 478 (1978). ............................................................... 13, 14, 15

*Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143 (9th Cir. 2011) ........................................ 9

*Clemes v. Del Norte County Unified Sch. Dist.*, 843 F.Supp. 583 (N.D.Cal. 1994) ............. 5, 6

*Dalehite v. United States*, 346 U.S. 15 (1953) ........................................................... 12

*Fresno Unified Sch. Dist. v. K.U.*, 980 F.Supp.2d 1160 (E.D.Cal. 2013) ........................... 4, 5

*Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) ..................................................................................... 16

*Henderson v. Shinseki*, 562 U.S. 428 (2011) ............................................................... 4

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) ........................................................... 1, 8

*Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982) .................................................... 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ................................... 2, 4

*Marshall v. Dep't of Water & Power* (1990) 219 Cal.App.3d 1124. ................................ 7

*Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824) ...................... 16

*Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978) .................................................. 9, 10

*Monroe v. Pape*, 365 U.S. 167 (1971) ..................................................................... 6

*Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988) ................................................................................. 16

*Moss v. United States Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ................................. 8

*Navarro v. Block*, 72 F.3d 712 (9th Cir. 1995) ........................................................... 9

*Reichle v. Howards*, 566 U.S. 658 (2012) ................................................................. 15

ii

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95863-4711

*Romano v. Bible,* 169 F. 2d 1182 (9th Cir. 1999) .................................................................14

*Scheuer v. Rhodes,* 416 U.S. 232, (1974) ..........................................................................12

*Saucier v. Katz,* 533 U.S. 194 (2001).................................................................................15

*Telesaurus VPC, LLC v. Power,* 623 F.3d 998 (9th Cir. 2010) ...........................................8

*Terenkian v. Republic of Iraq,* 694 F.3d 1122 (9th Cir. 2012) ....................................2, 4

*United Public Workers of America v. Mitchell,* 330 U.S. 75 (1947) .............................7

*United States v. California Care Corporation,* 709 F.2d 1241 (9th Cir. 1983)............6

*W. Mining Council v. Watt,* 643 F.2d 618 (9th Cir. 1981)..........................................1, 8

*Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136 (9th Cir. 2003) ........................4

*West v. Atkins,* 487 U.S. 42, 48 (1988) ...............................................................................9

*Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172 (1985).................6

**Federal Statutes**

42 USC § 1983 ..................................................................................................1, 6, 9, 10

Fed. R. Civ. P. 12(b)(1)..................................................................................1, 2, 4, 7

Fed. R. Civ. P.12(b)(6) ....................................................................................1, 8, 10

**State Statutes**

Cal. Code Civ. Proc § 1085...............................................................................................5

Cal. Code Civ. Proc § 1094.5............................................................................................5

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS WILLIAM F. EMLEN, MINH C. TRAN AND COUNTY OF SOLANO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT*

# I.   INTRODUCTION

Fundamentally, this matter should not be in Federal Court.  Plaintiffs have multiple state court remedies available by which to pursue their claims.  Indeed, the weight of authority supports the federal court declining to hear this action at this time.  The Court should decline to exercise supplemental jurisdiction over plaintiffs' state mandamus claims.  Further, plaintiffs 5th Amendment claim is not ripe for adjudication.  Additionally, plaintiffs fail to state facts sufficient to constitute a claim for a violation of the 14th Amendment.  Plaintiffs also fail to state facts sufficient to constitute a claim against individual defendant William F. Emlen.  Finally, the individual defendants are immune from suit pursuant to the doctrines of quasi-judicial immunity and qualified immunity.

For all of these reasons, plaintiffs' Complaint should be dismissed.  Because it will not be possible for plaintiffs to amend their Complaint to cure the multitude of deficiencies, plaintiffs' Complaint should be dismissed without leave to amend.

# II.   PROCEDURAL BACKGROUND

This matter arises out of the County's denial of plaintiffs' business license application.  Plaintiffs filed the Complaint in this matter on July 21, 2017.  Plaintiff's Complaint alleged three claims: (1) Violation of Civil Rights Under Color of Law (42 USC § 1983.); (2) Writ of Administrative Mandamus; and (3) Writ of Ordinary Mandamus.   Plaintiff named three defendants: The County of Solano, William F. Emlen, and Minh C. Tran. (Dkt. 1.)

# III.   FACTUAL BACKGROUND

A defendant's rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if plaintiff's allegations are true.  In determining whether a complaint states a claim upon which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).  The court need not, however, assume the truth of legal conclusions cast in the form of factual allegations.  *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).  Likewise, where a Rule 12(b)(1) motion claims allegations in the complaint are insufficient on their face to invoke federal jurisdiction, the court looks to whether the complaint

1

alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The party invoking jurisdiction bears the burden of proof in regards to a FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) [citations omitted]. Plaintiffs alleged the following facts in their Complaint, which are germane to this motion to dismiss.

Plaintiff Thomas Bock owns an interest in a 160-acre parcel of land, which had allegedly been used for carious outdoor activities, including target shooting, since at least 1951. This property includes the land historically referred to as Twin Sisters Park and Twin Sisters Gun Club. (Dkt. 1, ¶ 10-11) In approximately 2011, local citizens allegedly began pressuring the County concerning noise coming from the property. (Dkt. 1, ¶ 12) In 2015, the County allegedly investigated a complaint that the Gun Club was operating without permits, and thereafter determined that the Gun Club was a legal nonconforming use. (Dkt. 1, ¶ 17)

Plaintiffs allege that defendant William Emlen is an employee of Solano County, as the Director of Resource Management and Business Licensing Officer, and that Mr. Emlen was an ultimate policy maker in charge of policies and procedures allegedly resulting in the denial of plaintiffs' business license. (Dkt. 1, ¶ 6) Plaintiffs allege defendant Minh Tran is an employee of the County of Napa, County Counsel, and that the County of Solano appointed Tran as hearing officer on behalf of the County of Solano. (Dkt. 1, ¶ 6) Plaintiffs allege both Emlen and Tran acted "under color of State law." However, plaintiffs also allege that both Emlen and Tran are sued in their official capacities and monetary damages are not sought from them individually. (Dkt. 1, ¶ 6-7) Plaintiffs also allege that Emlen and Tran were the agents and/or employees of defendant County, and "were in some manner acting unlawfully or otherwise responsible for the events and happenings alleged" in plaintiffs' Complaint. (Dkt. 1, ¶ 9)

Solano County Code section 28.118(a) permits the Director of Resource Management to delegate the authority to make nonconforming use determinations. (Dkt. 1, ¶ 18) Plaintiffs allege Emlen delegated authority to make nonconforming use decisions to other employees such as

2

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95883-4711

planning manager Michael Yankovich. (Dkt. 1, ¶ 19) Plaintiffs' sought a business license for the Gun Club, allegedly based on a representation by a County employee that the Gun Club was a legal nonconforming use. (Dkt. 1, ¶ 21) Plaintiffs allege the County did not process the application pursuant to the applicable law, but rather repudiated its prior determination of the legal nonconforming use. (Dkt. 1, ¶ 23) Plaintiffs allege Emlen made a decision to not complete a zoning clearance process for plaintiffs' business license application, even though the County had, allegedly, previously determined the Twin Sisters Gun Club was a legal nonconforming use. (Dkt. 1, ¶ 26-27) Plaintiffs allege Emlen knew or should have known the County had already made a nonconforming use determination, but that the county decided not to honor that determination because it did not want to engage in the zoning clearance process for a shooting range. (Dkt. 1, ¶ 35-36) This decision by the County was, allegedly, based on the nuisance complaints made against the Gun Club. (Dkt. 1, ¶ 37.)

Defendant Tran, held an appeal hearing regarding the business license denial on February 17, 2017. (Dkt. 1, ¶ 43.) At that hearing, County Counsel submitted a brief contending that plaintiffs' nonconforming use status had been abandoned. (Dkt. 1, ¶ 46.) Tran was allegedly represented at the hearing by Deputy County Counsel Jim Laughlin. (Dkt. 1, ¶ 47) Plaintiffs also allege that the County argued at the appeal hearing that the nonconforming use determination was not valid because it was not made by Emlen. (Dkt. 1, ¶ 48) Plaintiffs had an opportunity to present evidence at the hearing. (Dkt. 1, ¶ 55.) Both the County and plaintiffs submitted evidence regarding the nonconforming use issue. (Dkt. 1, ¶ 48-51, 55) Tran issued written findings on April 24, 2017, upholding the denial of the business license application. (Dkt. 1, ¶ 54) Plaintiffs allege the written findings make no reference to the evidence presented by plaintiffs that the County had twice made a determination that the property was a nonconforming use. (Dkt. 1, ¶ 55)

Plaintiffs allege that defendants "adopted a policy that nonconforming use determinations made via an express or implied delegation of authority can be repudiated" without prior notice, hearing, or explanation. (Dkt. 1, ¶ 57.) In terms of the adequacy of the hearing, plaintiffs pled

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

only a conclusory allegation that the hearing was "legally meaningless" due to the County's "policy of ignoring an extant nonconforming use." (Dkt. 1, ¶ 64.)

Plaintiffs' second claim for administrative mandamus, seeks to compel defendant County to set aside the denial of plaintiffs' business license, and reconsider the application. Plaintiffs alleged that the County failed to provide a fair and proper hearing, causing plaintiffs to suffer prejudicial abuse of discretion. (Dkt. 1, ¶ 66-72.) Plaintiffs' third claim seeks ordinary mandamus of the same. Plaintiffs claim the County had a ministerial duty to recognize a previously established nonconforming use and failed to perform a proper zoning clearance when processing plaintiffs' business license application. (Dkt. 1, ¶ 74-78.)

## IV. LEGAL ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction to Hear Plaintiffs' Mandamus Claims (Claims Two and Three).

Federal courts are courts of limited jurisdiction, which possess only that power authorized by the Constitution and statute. It is to be presumed that a cause lies outside this jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen, supra*, 511 U.S. at p. 377. Lack of subject matter jurisdiction may be raised at any time, even if a party has previously acknowledged the trial court's jurisdiction. *Henderson v. Shinseki*, 562 U.S. 428, 434-435 (2011). A defendant may make a motion pursuant to 12(b)(1) either on the face of the pleadings, or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Where a 12(b)(1) motion claims allegations in the complaint are insufficient on their face to invoke federal jurisdiction, the court looks to whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The party invoking jurisdiction bears the burden of proof in regards to a FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Kokkonen, supra*, 511 U.S. at p. 377.

A grant of supplemental jurisdiction of a California mandamus action is not prohibited. *Fresno Unified Sch. Dist. v. K.U.,* 980 F.Supp.2d 1160, 1184 (E.D.Cal. 2013). However, in

4

*Clemes v. Del Norte County Unified Sch. Dist.*, plaintiff sought a writ of mandamus to review the administrative decision of the Commission on Professional Competence pursuant to Code of Civil Procedure section 1094.5 (plaintiff also sought section 1983 relief). The *Clemes* Court stated: "this is a state remedy, not a federal remedy. This court therefore has no jurisdiction to hear this claim." *Clemes v. Del Norte County Unified Sch. Dist.,* 843 F.Supp. 583, 596 (N.D.Cal. 1994).

In analyzing whether supplemental jurisdiction existed over the mandamus claim, the *Clemes* Court stated:

> "Mandamus proceedings to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts. It would be entirely inappropriate for a federal court, through exercise of its supplemental jurisdiction, to impose itself upon such proceedings. Considerations of federalism and comity, not generally present with typical "pendent" state claims, loom large in the case of state mandamus proceedings. Accordingly, the court declines to exercise supplemental jurisdiction over this claim."

(*Id.*) Federal district courts routinely decline to exercise supplemental jurisdiction over California writ of mandate claims. Where a state law claim is inextricably tied to a request for a writ of mandamus, a federal district court appropriately declines supplemental jurisdiction. *Fresno Unified Sch. Dist., supra*, 980 F.Supp.2d at pp. 1184-1185.

Here, plaintiffs seek two forms of state mandamus relief. Plaintiffs' second claim seeks administrative mandamus, seeking to compel defendant County to set aside the denial of plaintiffs' business license, and reconsider the application. Plaintiffs alleged that the County failed to provide a fair and proper hearing, causing plaintiffs to suffer prejudicial abuse of discretion. (Dkt. 1, ¶ 66-72.) Plaintiffs' third claim seeks ordinary mandamus of the same. Plaintiffs claim the County had a ministerial duty to recognize a previously established nonconforming use and failed to perform a proper zoning clearance when processing plaintiffs' business license application. (Dkt. 1, ¶ 74-78.) Notwithstanding the merits of such claims, they should be dismissed from this federal court action.

These mandamus claims are state, not federal remedies, explicitly premised on California Code of Civil Procedure, sections 1094.5 (Administrative Mandamus) and 1085 (Ordinary

5

Mandamus). They both seek the same relief: compelling a state public entity to act. The federal district court has no original jurisdiction over these state law claims. The only way this Court has jurisdiction is if supplemental jurisdiction exists. However, this Court should decline to exercise supplemental jurisdiction over these state mandamus claims, which are uniquely in the interest and domain of the state courts. As the Court in *Clemes* pointed out, considerations of federalism and comity support the federal district court declining to exercise jurisdiction over such claims. Accordingly, plaintiffs' Second and Third Claims should be dismissed.

**B. Plaintiffs' First Claim, Pursuant to 42 U.S.C. § 1983 and the 5th Amendment's Takings Clause, is Not Ripe for Adjudication.**

As a general rule, plaintiffs are not required to exhaust available state court remedies before invoking section 1983. *Monroe v. Pape*, 365 U.S. 167 (1971). However, in an administrative proceeding where plaintiff's claims may be resolved with or without regard to any federal issues, the claims are not fit for judicial review until the agency has had a chance to review its initial decision. In the Ninth Circuit, a case can be dismissed for failure to exhaust even in the absence of a statutory administrative appeal when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *United States v. California Care Corporation*, 709 F.2d 1241, 1248 (9th Cir. 1983).

*Williamson County Regional Planning Commission v. Hamilton Bank* addressed the interplay between the "finality" principle and the Section 1983 non-exhaustion rule. "A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985). The *Williamson* court further held that a taking claim against the government is premature where an adequate procedure exists for seeking just compensation, and the property owner has yet to pursue such a procedure

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

1  and be denied just compensation. *Id.* at p. 194-195. If the state provides an adequate procedure

2  for seeking compensation for the taking of property, the property owner must be denied

3  compensation under that procedure before making a Fifth Amendment Claim. *Id.* at 195. If no

4  such allegation is made in the complaint, the claim is not ripe for adjudication and the federal

5  court must dismiss for lack of subject matter jurisdiction. FRCP 12(b)(1); *United Public Workers*

6  *of America v. Mitchell*, 330 U.S. 75, 89-91 (1947). In the alternative, a party who has not first

7  brought a taking claim in state court must demonstrate that no state procedure exists or that the

8  procedure is inadequate. *Austin v. City and County of Honolulu*, 840 F.2d 678, 682 (9th Cir.)

9  cert. denied, 488 U.S. 852, 102 (1988). Also, see *Norco Construction Inc. v. King County*, 801

10  F.2d 1143, 1146 (9th Cir. 1986).

11  In California, an inverse condemnation proceeding derives from article I, section 19, of

12  the California Constitution. *Marshall v. Dep't of Water & Power* (1990) 219 Cal.App.3d 1124,

13  1138. Article I, section 19 (formerly art. I, § 14) of the California Constitution requires that just

14  compensation be paid when private property is taken or damaged for public use. Therefore, a

15  public entity may be liable in an inverse condemnation action for any physical injury to real

16  property proximately caused by a public improvement as deliberately designed and constructed,

17  whether or not that injury was foreseeable, and in the absence of fault by the public entity. *Id.*

18  Any governmental entity may be liable for inverse condemnation, even agencies which lack

19  eminent domain authority. *Id.* at p. 1139.

20  Here, plaintiffs have not alleged that they have availed themselves of all state remedies,

21  such as first bringing the claim in state court. Specifically, plaintiffs have not alleged that they

22  have pursued an inverse condemnation claim, or other potential state court remedies, as the

23  plaintiff in *Williamson* was required to do – or, in the alternative, plaintiffs have not alleged why

24  such procedures would be inadequate. Plaintiffs' taking claim is not ripe for adjudication in the

25  federal court, because state procedures exist that plaintiffs have not yet taken advantage of.

26  Likewise, plaintiff cannot make a claim about lack of due process, when plaintiffs have failed to

27  avail themselves of all the process available to them. Until plaintiffs pursue all available state

28

7

court remedies, and are thereafter denied just compensation or due process, this claim is not ripe and should be dismissed on that basis.

### C. Plaintiff's First Claim Fails to State Facts Sufficient to Constitute a Claim for Violation of Plaintiffs' Due Process Rights as to The County.

A motion to dismiss under Federal Rule of Civil Procedure rule 12(b)(6) tests the legal sufficiency of the complaint. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A defendant's rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if plaintiff's allegations are true. In determining whether a complaint states a claim upon which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). The court need not, however, assume the truth of legal conclusions cast in the form of factual allegations. *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

Nevertheless, to avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The claim must have facial plausibility which requires plaintiff to allege such facts that add up to more than a sheer possibility that defendant has acted unlawfully. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The standard commands more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Id.* The court will not supply essential elements of a claim that were not pled. *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95863-4711

8

In order to state a cognizable claim under section 1983, plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution of the laws of the United States and that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 690-691 (1978). Liability will lie against a municipal entity under section 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority. *Chudacoff v. Univ. Med. Ctr.,* 649 F.3d 1143, 1151 (9th Cir. 2011); *see Monell,* 436 U.S. at 694. Allegations of random acts or single instances of misconduct are insufficient to establish a public entity custom. *Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1995).

Plaintiffs Complaint lacks sufficient factual allegations showing that the County had a policy of overturning nonconforming use determinations. As noted above, a required element for a 1983 claim against a public entity, is an allegation that the injury was caused by an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority. *Chudacoff, supra,* 649 F.3d at p. 1151. Here, plaintiffs allege that defendants "adopted a policy that nonconforming use determinations made via an express or implied delegation of authority can be repudiated" without prior notice, hearing, or explanation. (Dkt. 1, ¶ 57.) Even if plaintiffs' allegation that defendants' actions in this case were true, such allegation of a single instance of misconduct is insufficient to establish a public entity custom. See *Navarro, supra,* 72 F.3d at p. 714. Plaintiffs do not allege any specific facts in support of this conclusory allegation. Even if plaintiffs did allege sufficient facts to support this allegation, the remaining facts pled by plaintiffs contradict it. For example, plaintiffs *did get a hearing* on the issue of the denial of the business license, at which time they could (and did) raise the issue of the nonconforming use determination. (Dkt. 1, ¶ 55.) Additionally, plaintiffs allege that the decision by the County to repudiate the nonconforming use determination was, allegedly, based on the nuisance complaints made against the Gun Club – in other words, it was

9

*not* based on a policy or procedure, but was a singular instance of the County responding to complaints. (See Dkt. 1, ¶ 36-37.)  Thus, plaintiffs have not pled sufficient facts with regard to the "policy and procedure" element of a 1983 claim against a public entity.

Finally, plaintiff also has no pled facts establishing a connection between the alleged policy or procedure and the constitutional injury.  Plaintiff cannot state a claim without pleading facts establishing this connection.  See *Monell, supra,* 436 U.S. at p. 690-691.  Even if plaintiff were to establish that the County had a policy of repudiating previously made nonconforming use determinations, plaintiff has not shown how this specific alleged policy resulted in a violation of plaintiffs' constitutional rights.  Plaintiff, despite any such alleged policy, was permitted an appeal hearing, and likewise introduced evidence at that hearing concerning the nonconforming use determination and alleged repudiation thereof.  (Dkt. 1, ¶ 48-51, 55)  The complaint fails to set forth any specific facts demonstrating how the alleged policy of repudiating nonconforming use decisions resulted in to the adverse decision regarding plaintiffs' business license.

Plaintiffs cannot claim there was any lack of due process, because by plaintiffs' own admission, there was a process – it simply did not result in the outcome plaintiffs desired.  Plaintiffs' Complaint simply does not plead facts regarding essential elements of a 1983 claim for a due process violation.  On that basis, plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**D. Plaintiff's Complaint Fails to State Facts Sufficient to Constitute any Claim Against Defendants Emlen and Tran.**

For the reasons set forth above as to the County, plaintiffs' complaint also fails to state facts sufficient to constitute any claim against individual defendants Emlen or Tran.  Further, the allegations, as to the individual defendants, Emlen and Tran, are not sufficient to constitute a claim against them.  Plaintiffs allege that Emlen is an employee of Solano County, as the Director of Resource Management and Business Licensing Officer, and that Mr. Emlen was an ultimate policy maker in charge of policies and procedures allegedly resulting in the denial of plaintiffs' business license.  (Dkt. 1, ¶ 6)  Plaintiffs allege Tran is an employee of the County of Napa, County Counsel, and that the County of Solano appointed Tran as hearing officer on behalf of the

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

10

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

County of Solano. (Dkt. 1, ¶ 6) Plaintiffs allege both Emlen and Tran acted "under color of State law." However, plaintiffs also allege that both Emlen and Tran are sued in their official capacities and monetary damages are not sought from them individually.[1] (Dkt. 1, ¶ 6-7)

Plaintiffs allege Emlen delegated authority to make nonconforming use decisions to other employees such as planning manager Michael Yankovich. (Dkt. 1, ¶ 19) Plaintiffs allege Emlen made a decision to not complete a zoning clearance process for plaintiffs' business license application, even though the County had, allegedly, previously determined the Twin Sisters Gun Club was a legal nonconforming use. (Dkt. 1, ¶ 26-27) Plaintiffs allege Emlen knew or should have known the County had already made a nonconforming use determination, but that the county decided not to honor that determination because it did not want to engage in the zoning clearance process for a shooting range. (Dkt. 1, ¶ 35-36)

By plaintiffs' own admission in the Complaint, the County held an appeal hearing regarding the business license denial on February 17, 2017. (Dkt. 1, ¶ 43.) At that hearing, County Counsel submitted a brief contending that plaintiffs' nonconforming use status had been abandoned. (Dkt. 1, ¶ 46.) Plaintiffs also allege that the County argued at the appeal hearing that the nonconforming use determination was not valid because it was not made by Emlen. (Dkt. 1, ¶ 48) However, Plaintiffs make no allegations that Emlen was involved with the appeal hearing. Plaintiffs also did not plead any facts regarding any alleged inadequacy of the hearing itself, beyond a conclusory allegation that the hearing was "legally meaningless" due to the County's "policy of ignoring an extant nonconforming use." (Dkt. 1, ¶ 64.) However, as plaintiffs admit, both parties were able to offer evidence, the evidence was considered, and a decision was made. (Dkt. 1, ¶ 46, 55.) While plaintiffs may not like the outcome of that decision, certainly an adverse decision does not mean plaintiffs' constitutional rights were violated.

Fundamentally, plaintiffs have not set forth facts sufficient to constitute a cause of action against defendant Emlen. There is nothing contained in the facts pled regarding Emlen which indicate that Emlen violated plaintiffs' constitutional rights. There are no allegations that Emlen

---

[1] On the basis of this allegation alone, defendants Emlen and Tran should be dismissed. If plaintiffs do not seek damages against Emlen or Tran personally, plaintiffs apparently acknowledge that Emlen and Tran's actions do not meet the requirements for personal liability.

in any way interfered with the process of the business license application or the appeal hearing in any way. Indeed, Emlen was not involved in the hearing process, and the only allegation concerning Emlen's involvement with the decision-making process is that plaintiffs allege, with no factual support, that Emlen decided not to complete a zoning clearance process for the business license application. Certainly, the complete lack of factual support for this conclusory allegation renders it insufficient to survive a motion to dismiss.

Plaintiffs allege defendant Tran conducted the hearing on the business license application denial appeal on February 17, 2017. (Dkt. 1, ¶ 43) Tran was allegedly represented at the hearing by Deputy County Counsel Jim Laughlin. (Dkt. 1, ¶ 47) During the hearing, the County and plaintiffs submitted evidence regarding the nonconforming use issue. (Dkt. 1, ¶ 48-51, 55) Defendant Tran issued written findings on April 24, 2017, upholding the denial of the business license application. (Dkt. 1, ¶ 54) Plaintiffs further allege the written findings make no reference to the evidence presented by plaintiffs that the County had twice made a determination that the property was a nonconforming use. (Dkt. 1, ¶ 55)

As to defendant Tran, again, plaintiffs' Complaint is lacking. There are no allegations as to the specific conduct by Tran which plaintiffs allege violated their constitutional rights. All that plaintiffs have alleged, as to Tran, is that Tran conducted the hearing and issued written findings. (Dkt. 1, ¶ 43, 54) Certainly, nothing about these facts constitutes a due process violation.

Plaintiffs have not met the *Iqbal* plausibility standard as to Emlen and Tran. In short, plaintiffs simply have not alleged facts sufficient to constitute any claim against Emlen or Tran. On this basis, plaintiffs' complaint should be dismissed as to the individual defendants Emlen and Tran.

### E. Defendants Emlen and Tran are Immune from Suit.

*1. Defendants Emlen and Tran Are Entitled to Judicial Immunity*

"It is not a tort for the government to govern." *Scheuer v. Rhodes*, 416 U.S. 232, 241 (1974) quoting *Dalehite v. United States*, 346 U.S. 15, 57 (1953) (dissenting opinion). Implicit in the idea that government officials have some immunity -- absolute or qualified -- for their acts, is

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

1    a recognition that they may err. *Id.* at p. 242. There are some government officials whose special

2    functions require a full exemption from liability. *Butz v. Economou*, 438 U.S. 478, 507 (1978).

3    Judicial immunity has been extended to other officials when they perform functions

4    analogous to those performed by judges. The doctrine of judicial immunity is supported by a

5    long-settled understanding that the independent and impartial exercise of judgment vital to the

6    judiciary might be impaired by exposure to potential damages liability. Accordingly, the

7    touchstone for the doctrine's applicability has been performance of the function of resolving

8    disputes between parties, or of authoritatively adjudicating private rights. When judicial immunity

9    is extended to officials other than judges, it is because their judgments are functionally

10   comparable to those of judges - that is, because they, too, exercise a discretionary judgment as

11   part of their function. *Buckles v. King County*, 191 F.3d 1127, 1133-1134 (9th Cir. 1999) citing

12   *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993).

13   As the Supreme Court held in *Butz*, the risk of an unconstitutional act by one presiding at

14   an agency hearing is clearly outweighed by the importance of preserving the independent

15   judgment of these men and women. *Butz, supra*, 438 U.S. at p. 514. In evaluating the defense of

16   absolute immunity, the court considers whether the adjudication within an administrative agency

17   shares enough of the characteristics of the judicial process that those who participate in such

18   adjudication should also be immune from suit for damages. The relevant characteristics

19   considered are whether there was an adversarial proceeding, a decision-maker insulated from

20   political influence, a decision based on evidence submitted by the parties, and a decision provided

21   to the parties on all of the issues of fact and law. *Buckles, supra*, 191 F.3d at p. 1134, citing *Butz,*

22   *supra*, 438 U.S. at p. 513.

23   In *Buckles*, the Growth Management Hearings Board, a state board which determines

24   compliance with Washington's Growth Management Act, addressed a petition from land owners

25   challenging King County's decision to adopt new zoning for that land. The Board concluded

26   parts of the rezoning plan did not comply with certain public participation requirements under

27   state law, and remanded the rezoning decision back to King County with directions to provide a

28   reasonable opportunity for public comment. King County thereafter held public hearings, and

13

MATHENY SEARS LINKERT & JAIME LLP
LAW OFFICES OF
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95853-4711

1   adopted the plan rezoning the property as had been done prior to the appeal to the Board.  The

2   land owners then filed an administrative appeal, which was rejected.  *Buckles, supra*, 191 F.3d

3   1127.

4       In the civil lawsuit that followed, the landowners alleged due process violations and a

5   takings claim.  The district court dismissed the matter based on quasi-judicial immunity.  On

6   appeal, the 9th Circuit upheld the application of quasi-judicial immunity, noting that if the

7   immunity did not apply, many losing parties would then sue the Board members for damages,

8   targeting the decision makers, rather than the decision made.  The Court held that application of

9   quasi-judicial immunity to the Board members served "the broader public interest in having

10  people perform these functions without fear of having to personally defend their actions in civil

11  damages lawsuits."  *Buckles, supra*, 191 F.3d at p. 1136 quoting *Romano v. Bible*, 169 F.3d 1182,

12  1188 (9th Cir. 1999).

13      Here, all of the characteristics of a judicial process were present, and thus quasi-judicial

14  immunity should apply.  First, there was an adversarial proceeding, in this case a hearing with

15  representatives of both the plaintiffs and the County.  (Dkt. 1, ¶ 43-45.)  Second, the decision

16  maker in this instance, defendant Tran, was insulated from political influence.  Whereas the party

17  opposing plaintiffs at the hearing was the County of Solano, Tran is not an employee of the

18  County of Solano.  Rather, he is county counsel for the County of Napa. (Dkt. 1, ¶ 43.)  The fact

19  the Tran is not employed by Solano, is strong evidence that he was not biased or subject to any

20  political influence in terms of his decisions.  Certainly, plaintiffs' complaint does not sufficiently

21  allege facts proving any such bias.

22      Third, as plaintiff admits in the complaint evidence was submitted by the parties as part of

23  this hearing.  (Dkt. 1, ¶ 49, 51, 55.)  Finally, a written decision was issued by defendant Tran

24  regarding the findings of the hearing, on April 24, 2017.   (Dkt. 1, ¶ 54.)  This is akin to *Buckles*,

25  in that the individual defendants, like the Board in *Buckles*, should be protected by quasi-judicial

26  immunity to serve the broader public interest of performing their function without fear of civil

27  damages lawsuits.

28

14

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95863-4711

Based on the facts pled by plaintiffs, it is clear that the hearing has all of the characteristics of judicial process, and thus the individual defendants who were part of this hearing are entitled to quasi-judicial immunity. As plaintiff alleges, defendant Tran was the hearing officer at this hearing, made the decisions, and issued his findings. He is clearly entitled to immunity for such actions. (Dkt. 1, ¶ 43.) Because defendant Emlen is also alleged to have been involved in the decision-making process, he too is entitled to such immunity.

    *2. Even if Judicial Immunity Does Not Apply, Defendants Emlen and Tran Are Entitled to Qualified Immunity*

Government officials will not be liable for mere mistakes in judgment, whether the mistake is one of fact or one of law. *Butz, supra*, 438 U.S. at p. 507. Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Reichle v. Howards*, 566 U.S. 658, 664 (2012) citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Two questions must be answered to determine whether an official is entitled to qualified immunity: (1) whether the official's conduct violated a constitutional right, and (2) whether the right is clearly established – i.e. whether contours of the right are sufficiently clear that a reasonable official would understand that his conduct to be unlawful given the situation. *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001).

Here, while plaintiff alleges that the conduct violated his constitutional rights, it is nonetheless not clear how such conduct violated any rights. Certainly, the County has the right to determine land uses within its jurisdiction, and did so. As discussed above, there has not been a taking because plaintiff has not yet pursued available state court remedies and been denied just compensation. Likewise, plaintiff has not alleged facts sufficient to support a claim of a due process violation. Rather, plaintiffs' own pleading clearly sets forth sufficient process: an application for a business license was filed, and denied; a hearing was held to appeal the denial, the parties submitted evidence, and a decision was made. Plaintiffs' complaint simply does not set forth facts constituting a constitutional violation.

Even if a constitutional violation is found, such rights were not clearly established at the time of the hearing and denial of plaintiffs' business license. A reasonable officer in the position of defendants would not have known that denying the business license might be violative of plaintiffs' rights under the 5th and 14th Amendments. There is simply no basis for such allegation.

At the very least, plaintiffs' complaint is devoid of any allegations that (1) plaintiffs had a clearly established constitutional right to be granted a business license based on the alleged legal nonconforming use, or (2) that such right was clearly established at the time the license was denied, such that defendants Emlen and Tran should have been aware of it. Particularly, there is no allegation that defendants *knew or should have known* that their actions violated plaintiffs' constitution rights. Failure to so allege is a fatal defect, and should result in the dismissal of plaintiffs' claims against defendants Emlen and Tran.

### F. Leave to Amend Should Be Denied.

Subject matter jurisdiction must exist as of the time the action is commenced. If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). See also *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) ["It has long been the case that 'the jurisdiction of the court depends on the state of things at the time the action is brought.' *Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824). This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure."] A district court is powerless even to grant leave to amend when it lacks jurisdiction over the original complaint. *Morongo, supra,* 858 F.2d at p. 1380, fn. 2.

As discussed above, this Court lacks jurisdiction to hear plaintiffs' state mandamus claims. Therefore, as to those claims, the court should deny leave to amend, as no amendment would cure the lack of jurisdiction. In addition, the myriad deficiencies in plaintiffs' Complaint as to the section 1983 claim and as to the individual defendants, compel the conclusion that the

16

Complaint cannot be amended to overcome them all. On this basis as well, leave to amend should be denied.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss plaintiffs' Complaint, without leave to amend.

Dated: August 24, 2017.

**MATHENY SEARS LINKERT & JAIME LLP**

By: /s/ Raymond Bangle III

RAYMOND BANGLE III
NICHOLAS R. SHEPARD
Attorneys for Defendants WILLIAM F.
EMLEN, MINH C. TRAN and COUNTY
OF SOLANO

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95863-4711

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS WILLIAM F. EMLEN,
MINH C. TRAN AND COUNTY OF SOLANO'S MOTION TO DISMISS