C. D. Michel - S.B.N. 144258
Scott M. Franklin - 250254
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs Twin Sisters
Gun Club and Thomas Bock

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT T. MATSUI FEDERAL COURTHOUSE

| | |
|---|---|
| TWIN SISTERS GUN CLUB, an Unincorporated Association, and THOMAS BOCK, <br><br> Plaintiffs/Petitioners, <br><br> vs. <br><br> WILLIAM F. EMLEN, MINH C. TRAN, COUNTY OF SOLANO, and DOES 1-10, <br><br> Defendants/Respondents. | CASE NO. 2:17-cv-01526-MCE-GGH <br><br> **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT** |

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ........................................................................................... 7

STANDARD OF REVIEW ............................................................................. 7

LEGAL ARGUMENT ................................................................................... 7

I. Defendants' Argument against the Exercise of Supplemental
Jurisdiction Fails Because It Is Anchored in a District Court
Case Wherein the Defendants had Eleventh Amendment Immunity ...................... 7

    A. The State Law Claims Are Neither Novel Nor Complex
       (Section 1367(c)(1)). ............................................................ 9

    B. The State Law Claims Do Not Substantially Predominate over Plaintiffs'
       Section 1983 Claim (Section 1367(c)(2)) ................................. 9

    C. This Case Does Not Present an Exceptional Circumstance wherein a
       Compelling Reason Exists to Decline Supplemental Jurisdiction
       (Section1367(c)(4)) ............................................................. 11

        1. *Wesner v. Cty. of Napa* ............................................ 12

II. Defendants' Ripeness Argument Fails Because It Is Based on the
"Takings" Clause of the Fifth Amendment, and Plaintiffs' Section
1983 Claim Is Not Based on a Violation of that Clause. ........................ 14

    A. *United States v. Cal. Care Corp.* ....................................... 16

III. The Allegations Against the County Are Sufficient under
*Monell*, and Defendants' Claims to the Contrary Are Shown
Herein to Be Unjustified. ................................................................... 16

    A. Background Law .............................................................. 16

    B. Plaintiffs Pleaded Sufficient Facts to Prove Liability the County's
       Liability under *Monell*, and Defendants' Argument to the
       Contrary Fails Because It Necessarily Ignores the Facts Pleaded. ............. 17

        1. The Allegations in the Complaint Sufficiently Allege a
          "Policy" and a "Custom" under *Monell*. ..................... 17

        2. The Causal Relationship between the County's
          Improper Policy/Custom and the Constitutional Injury Is Clear ......... 19

        3. Plaintiffs Have a Constitutionally Protected Due Process
          Right that Protects the Nonconforming Use at Issue ..................... 20

IV. Defendants Misapprehend the Standards for Pleading a Section
1983 Claim against an Individual; Defendants Emlen and Tran's
Conduct, as Alleged in the Complaint, Suffices. ................................. 21

1

**PAGE**

V.   Plaintiffs Have Pleaded Sufficient Facts under Section 1983 as to
     Defendants Emlen and Tran. .................................................................................. 23

VI.  The Immunity Claims Made by Defendants Fail under Well
     Established Law. ...................................................................................................... 24

     A.   Judicial Immunity Does Not Apply to Prospective Injunctive Relief,
          Which Is What Plaintiffs Seek herein............................................................ 24

     B.   Qualified Immunity only Potentially Applies as to Claims for
          Damages, and Plaintiffs Do Not Seek Damages from Defendants
          Emlen and Tran. ............................................................................................. 25

CONCLUSION................................................................................................................ 26

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

**TABLE OF AUTHORITIES**

**PAGES**

**CASES**

4

*AE ex rel. Hernandez v. Cty. of Tulare*,
   666 F.3d 631, 637 (9th Cir. 2012)....................................................... 17

5

*Am. v. Gibbs*,
6   383 U.S. 715 (1966) ...................................................................... 10

7 *Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................. 7, 17

8

*Ashelman v. Pope*,
9   793 F.2d 1072 (9th Cir.1986) ............................................................ 24

10 *Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*,
   648 F.3d 986 (9th Cir. 2011) .................................................. 19, 20, 22

11

*Bauer v. City of San Diego*,
12   75 Cal. App. 4th 1281 (1999) .......................................................... 21, 26

13 *Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................... 17

14

*Borough of W. Mifflin v. Lancaster*,
15   45 F.3d 780 (3d Cir.1995) .............................................................. 10

16 *Brady v. Brown*,
   51 F.3d 810 (9th Cir. 1995) ............................................................. 7

17

*Buckey v. Cty. of Los Angeles*,
18   968 F.2d 791 (9th Cir. 1992) ............................................................ 7

19 *Cal. Dep't of Water Res. v. Powerex Corp.*,
   533 F.3d 1087 ............................................................................ 10

20

*Cf. Mesquite Grove Chapel v. DeBonis*,
21   633 F. App'x 906 (9th Cir. 2015) ...................................................... 24

22 *City of Chicago v. Int'l College of Surgeons*,
   522 U.S. 156 (1997) ..................................................................... 8

23

*Clark v. Yosemite Cmty. Coll. Dist.*,
24   785 F.2d 781 (9th Cir.1986) ........................................................... 8

25 *Clemes v. Del Norte Cty. Unified Sch. Dist.*,
   843 F.Supp. 583 (N.D. Cal. 1994) ........................................... 11, 12, 13

26

27

28

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Dee Tsao v. Desert Palace, Inc.*,
   698 F.3d 1128 (9th Cir. 2012) ................................................................ 17

*Estate of Abdollahi v. Cty. of Sacramento*,
   405 F. Supp. 2d 1194 (E.D. Cal. 2005) ................................................ 22

*Exec. Software N. Am., Inc. v. U.S. Dist. Ct. (Page)*,
   24 F.3d 1545 (9th Cir.1994) ................................................................. 10

*Fallay v. City & Cty. of San Francisco*,
   604 F. App'x 539 (9th Cir. 2015) ............................................................ 8

*Franceschi v. Franchise Tax Bd.*,
   1 Cal. App. 5th 247 (2016) .................................................................... 8

*Fresno Unified Sch. Dist. v. K.U.*,
   980 F. Supp. 2d 1160, 1184 (E.D. Cal. 2013) ...................................... 8

*Gobel v. Maricopa Cty.*,
   867 F.2d 1201 (9th Cir.1989) ............................................................... 16

*Hydrick v. Hunter*,
   669 F.3d 937 (9th Cir. 2012) ............................................................... 25

*Jensen v. Cty. of Sonoma*,
   No. C-08-3440 JCS, 2010 WL 2330384, at *6
   (N.D. Cal. June 4, 2010) ...................................................................... 13

*Jones v. Williams*,
   297 F.3d 930 (9th Cir. 2002) ............................................................... 22

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ............................................................................. 21

*Kohler v. Rednap, Inc.*,
   794 F. Supp. 2d 1091 (C.D. Cal. 2011) ............................................... 10

*Manufactured Home Communities Inc. v. City of San Jose*,
   420 F.3d 1022 (9th Cir. 2005) ............................................................... 8

*McCaslin v. City of Monterey Park*,
   163 Cal. App. 2d 339 (1958) ............................................................... 21

*Mendoza v. Zirkle Fruit Co.*,
   301 F.3d 1163 (9th Cir. 2002) ............................................................... 8

*Monell v. Dep't of Soc. Serv. of N.Y.*,
   436 U.S. 658 (1978) ........................................... 16, 17, 18, 19, 20, 21

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Mory v. City of Chula Vista*,
No. 10-CV-252 JLS WVG, 2011 WL 777914, at *2
(S.D. Cal. Mar. 1, 2011) ........................................................................ 13

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ................................................................ 7

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,
429 U.S. 274 (1977) ............................................................................ 11

*Mullis v. U.S. Bankr. Court for Dist. of Nevada*,
828 F.2d 1385 (9th Cir. 1987) ............................................................ 24

*Navvaro v. Block*,
72 F.3d 712 (9th Cir. 1995) ................................................................ 18

*Olivas v. Nevada ex rel. Dep't of Corr.*,
856 F.3d 1281 (9th Cir. 2017) ............................................................ 26

*Pembaur v. City of Cincinnati*,
475 U.S. 469 (1986) ...................................................................... 16, 18

*Pulliam v. Allen*,
466 U.S. 522 (1984) ............................................................................ 24

*Scavone v. Mayor & Council of Borough of Totowa*,
49 N.J. Super. 423 (1958) .................................................................. 21

*Shame on You Prods., Inc. v. Banks*,
690 F. App'x 519 (9th Cir. 2017) ........................................................ 10

*Shame on You Prods., Inc. v. Elizabeth Banks*,
120 F. Supp. 3d 1123 (C.D. Cal. 2015) .............................................. 10

*Shelley v. Cty. of San Joaquin*,
996 F. Supp. 2d 921 (E.D. Cal. 2014) ................................................ 16

*Sinaloa Lake Owners Ass'n v. City of Simi Valley*,
864 F.2d 1475 (9th Cir 1989) ............................................................. 14

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ............................................................ 17

*Tomlinson v. Cty. of Monterey*,
No. C-07-00990 RMW, 2007 WL 2298038, at *2
(N.D. Cal. Aug. 8, 2007) ...................................................................... 9

*United States v. Cal. Care Corp.*,
709 F.2d 1241 (9th Cir. 1983) ............................................................ 16

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Wesner v. Cty. of Napa,*
   2009 WL 650274, at *2
   (N.D. Cal. March 11, 2009) ...................................................................... 11, 12, 13

*West v. Atkins,*
   487 U.S. 42 (1988) ........................................................................................ 22

*Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank,*
   473 U.S. 172 (1985) .................................................................................. 14, 15

## STATUTES & RULES

28 U.S.C. § 1367(a) ........................................................................... 8, 9, 12, 13
28 U.S.C. § 1367(c) ......................................................................... 8, 9, 10, 11, 12
42 U.S.C. § 1983 ...................................................................................... *passim*

Federal Rule of Civil Procedure § 12(b)(1) ............................................................. 7
Federal Rule of Civil Procedure § 12(b)(6) ......................................................... 7, 26

California Code of Civil Procedure sections § 1085 ................................................... 9
California Code of Civil Procedure sections § 1094.5 ......................................... 9, 12, 13

Solano County Code §§ 2-141 - 2-143, 28.114(g), 28.118 ........................................ 18, 26
Solano County Code § 14-32(d) ..................................................................... 16

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

This is a simple case about whether a county acted fairly and gave due process in certain land use determinations it made concerning a well-established shooting range. As discussed below, all of Defendants' non-jurisdictional arguments fail as a matter of law. Those arguments are largely based on Defendants ignoring allegations in the Complaint.

And while the Court has discretion to decline to exercise supplemental jurisdiction over Plaintiffs' two state law claims, as requested by Defendants, the Court should not grant that request. The two state law claims largely, if not completely, arise from the same facts relevant to Plaintiffs' claim under 42 U.S.C. § 1983 (hereinafter "Section 1983"), so judicial economy would plainly not be served if supplemental jurisdiction was not exercised and Plaintiffs had to file a second, substantively parallel, action in the superior court of the county that is a defendant herein. Based on the facts pleaded and in the interest of judicial economy, the Court should deny Defendants' Motion to Dismiss ("Motion") in full.

**STANDARD OF REVIEW**

Plaintiffs generally agree with the applicability of standard of review authority stated in the Motion at 1:21-2:6 as it relates to motions brought under Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff further notes the following. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "civil rights complaints are to be liberally construed." *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

**LEGAL ARGUMENT**

I.   **Defendants' Argument against the Exercise of Supplemental Jurisdiction Fails Because It Is Anchored in a District Court Case Wherein the Defendants had Eleventh Amendment Immunity.**

The decision to retain jurisdiction over state law claims is within a district court's discretion, weighing factors such as economy, convenience, fairness, and comity. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). And as Defendants admit, "[a] grant of

7

supplemental jurisdiction of a California mandamus action is not prohibited." (Motion at 4:27-28 [quoting *Fresno Unified Sch. Dist. v. K.U.*, 980 F. Supp. 2d 1160, 1184 (E.D. Cal. 2013)]). The law is pellucid on this point.[1] Therefore, notwithstanding some unclear statements in the Motion (e.g., Mot. at 16:24-25), Defendants do not really allege that this Court completely "lacks jurisdiction" to hear Plaintiffs' state law claims—Defendants *concede* the Court has such jurisdiction available to it—but rather they ask the Court to not exercise its discretion to hear Plaintiffs' state law claims. Neither the facts nor the law supports Defendants' position.

"[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in [an] action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (hereinafter "Section 1367(a)"). Plaintiffs' state law claims plainly meet the "case or controversy" requirement of the supplemental jurisdiction statute (Section 1367(a)); the County's land use decision-making vis-à-vis Plaintiffs' shooting range constitutes a "common nucleus of operative facts" for all of Plaintiffs' claims, state and federal. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). Therefore, the issue before the Court is whether it should decline to exercise supplemental jurisdiction per one of the reasons stated in 28 U.S.C. § 1367(c) (hereinafter "Section 1367(c)"). *Fallay v. City & Cty. of San Francisco*, 604 F. App'x 539, 542–43 (9th Cir. 2015) (stating that, under Ninth Circuit precedent, "supplemental jurisdiction *must* be asserted if permitted by 28 U.S.C. § 1367(a) unless an exception in § 1367(c) applies") (italics added)).

Section 1367(c)(1)-(4) lists the reasons a court may decline to exercise

---

[1] See, *e.g.*, *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 169 (1997); *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1027 (9th Cir. 2005) ("[A] claim involving federal constitutional rights may be joined to a California mandamus action." *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 787 n. 5 (9th Cir.1986)."); *Franceschi v. Franchise Tax Bd.*, 1 Cal. App. 5th 247, 261 (2016), *review denied* (Sept. 21, 2016). ("While federal courts are properly cautious about exercising supplemental jurisdiction over a state law mandamus claim, there is no iron rule prohibiting the exercise of such jurisdiction. Indeed, the opposite is true—Congress has given federal courts the discretion to hear mandamus claims.").

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

supplemental jurisdiction over a state law claim even if the requirements of Section

1367(a) have been met:

> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)    the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Section 1367(c)(3) plainly does not apply, as this court has not dismissed any

claims herein. Thus, only Section 1367(c)(1), (2), and (4) are discussed below.

### A. The State Law Claims Are Neither Novel Nor Complex (Section 1367(c)(1)).

As to Section 1367(c)(1), Plaintiffs' state law claims do not require the interpretation

of an untested or esoteric provision of California law, they only concern whether: (1) a fair

hearing was given and that the process provided was sufficient (Compl. ¶¶ 66-72) and (2)

the County failed in a ministerial duty related to the processing of a business license

application (Compl. ¶¶ 73-78). These claims are founded in commonly relied upon and

litigated state law—California Code of Civil Procedure sections 1085 and 1094.5

(hereinafter "Section 1094.5")—meaning they are neither "novel" nor "complex[.]" Indeed,

Defendants do not argue otherwise.

### B. The State Law Claims Do Not Substantially Predominate over Plaintiffs' Section 1983 Claim (Section 1367(c)(2)).

Defendants do appear to argue, in a roundabout way,[2] that Section 1367(c)(2)

applies. "Dismissal under this section is proper where 'a state claim constitutes the real

---

[2] The Motion never cites 28 U.S.C. § 1367 at all, let alone Section 1367(c)(2). Defendants do, however, cite *Fresno Unified* for the following proposition, which is impliedly based on Section 1367(c)(2): "Where a state law claim is inextricably tied to a request for a writ of mandamus, a federal district court properly declines supplemental jurisdiction. *Fresno Unified*, 980 F. Supp. 2d at 1184-85 (citing *Tomlinson v. Cty. of Monterey*, No. C-07-00990 RMW, 2007 WL 2298038, at *2 (N.D. Cal. Aug. 8, 2007) [discussing the applicability of Section 1367(c)(2)]).

9

body of a case, to which the federal claim is only an appendage.' *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 . . . (1966)." *Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1172 (C.D. Cal. 2015), *aff'd sub nom. Shame on You Prods., Inc. v. Banks*, 690 F. App'x 519 (9th Cir. 2017). "Thus, 'where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog,' district courts should decline to exercise supplemental jurisdiction." *Shame on You Prods.*, 120 F. Supp. 3d at 1172 (citing *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir.1995)).

Here, Plaintiffs' state and federal claims are largely parallel, and proving the allegations related to Plaintiff's federal claim will necessarily prove most, if not all of the facts needed to support Plaintiffs' state law claims. *Compare* Compl. ¶¶ 58-60, 63-65, *with* ¶ 67. Where state and federal claims are parallel and require much the same proof, state law claims cannot be reasonably held to "substantially predominate" and justify the non-exercise of supplemental jurisdiction. *See Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1096 (C.D. Cal. 2011) (exercising supplemental jurisdiction over state law disability claims in federal action where the factual substance of the state law claims would largely concern the same evidence as violations pleaded under the Americans with Disability Act).

Further, even if Section 1367(c)(1) or (2) does theoretically provide a basis for denying supplemental jurisdiction, the courts nonetheless should grant supplemental jurisdiction where it would comport with the underlying objective of "most sensibly accommodat[ing]" the values of "economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. (Page),* 24 F.3d 1545, 1557 (9th Cir.1994) (citations omitted) (overruled on different grounds in *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1094-95). Plaintiffs' federal cause of action is not an "appendage" to Plaintiffs' state law causes of action; the similarity of the factual issues and generally parallel nature of the claims at issue establish that the state law claims do not "predominate." Therefore, Section 1367(c)(3) does not provide grounds for this Court grant the Motion on the supplemental jurisdiction issue.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

C.  This Case Does Not Present an Exceptional Circumstance wherein a Compelling Reason Exists to Decline Supplemental Jurisdiction (Section1367(c)(4)).

Defendants' argument against the exercise of supplemental jurisdiction is premised on *Clemes v. Del Norte Cty. Unified Sch. Dist.,* 843 F.Supp. 583, 596 (N.D. Cal. 1994). (Mot. at 5:1-6:7). *Clemes* basically assumes, without any citation to other case law, that state law mandamus claims are necessarily novel or complex,[3] and that they should not be heard by the federal courts for reasons of comity. *Clemes*, 843. F. Supp. at 596. *Clemes*, however, makes it very clear that it is addressing mandamus claims brought against *state agencies. Id.* ("Mandamus proceedings to compel a *state administrative agency* to act are actions that are uniquely in the interest and domain of state courts.") (Italics added). Under the Eleventh Amendment, school districts, like the defendant in *Clemes*, are "state agencies" immune from suits for retrospective relief (*id.* at 593)—*counties*, like the entity defendant herein, *are not. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Accordingly, Defendants' quotation of *Clemes* (Mot. at 5:8-13) needs the context Defendants do not provide: the *Clemes* court's comments about the availability of supplemental jurisdiction for state mandamus claims was the result of the Eleventh Amendment immunity issue present in that case (*Clemes*, 843 F.Supp. at 594)—an issue that is *not* present herein. With that context, it is clear *Clemes* does not apply here at all, as the predominating Eleventh Amendment immunity issue therein is not present in this case.

Further, *Clemes* predates all of the authority noted in footnote 1 *infra*, and its analysis does not hold up once later jurisprudence is considered. This point was highlighted in a more recent case, *Wesner v. Cty. of Napa*, 2009 WL 650274, at *2 (N.D. Cal. March 11, 2009).

---

[3] *Clemes* never actually explains what "novel or complex issue of state law" is presented by the Clemes' state law claims. Rather, though *Clemes* cites Section 1367(c)(1) as providing a reason "to decline supplemental jurisdiction over Mr. Clemes' state mandamus claim[,]" *Clemes* only provide an explain for its denial of supplemental jurisdiction under Section 1367(c)(4). *Clemes*, 843 F.Supp. at 596.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1              1.    *Wesner v. Cty. of Napa*

2          In *Wesner*, the plaintiff's "federal civil rights claims ar[o]se out of [a] meeting of the

3    County's Board of Supervisors[, and plaintiff's] state law claims, under Section 1094.5 and

4    the California Constitution, also ar[o]se out of the same hearing and include that the

5    County failed to grant Plaintiffs a fair hearing, failed to afford Plaintiffs due process, and

6    proceeded in excess of their jurisdiction." *Id.* The *Wesner* court held that Wesner's "state

7    law claims under Section 1094.5 and the California Constitution are so related to the

8    federal civil rights claims under Section 1983 that the Court finds that they form a part of

9    the same case or controversy. Therefore, the Court can properly exercise supplemental

10   jurisdiction under 28 U.S.C. § 1367(a)." *Id.* Here, just like in *Wesner*, a county is alleged to

11   have failed to give fair hearing and due process, resulting in state and federal claims that

12   are "so related" that are part of the same case or controversy, thus making the exercise of

13   supplemental jurisdiction proper. 28 U.S.C. § 1367(a).

14          The *Wesner* court made short work of the defendant county's arguments

15   against the exercise of supplemental jurisdiction. For example, the *Wesner* court noted

16   that  the "claims under Section 1094.5 and the California Constitution, which include

17   claims of due process and prejudicial abuse of discretion, do not raise a novel or complex

18   issue of State law and therefore do not give the Court grounds to decline supplemental

19   jurisdiction [under Section 1367(c)(1)]." *Wesner*, 2009 WL 650274, at *2. Indeed, the

20   *Wesner* court went through Section 1367(c), subsection by subsection, to explain why that

21   statute did not provide grounds for supplemental jurisdiction to be declined. *Id.*

22          *Wesner* is most helpful, however, in showing that *Clemes* cannot support the

23   weight being put on it by Defendants.

24                 The County argues that an exceptional circumstance [under 28
                   U.S.C. § 1367(c)(4)] also includes a state mandamus
25                 proceeding. The County relies on a district court case which held
                   that it would be inappropriate for a federal court to exercise
26                 supplemental jurisdiction over a state mandamus proceeding
                   because these proceedings "to compel a state administrative
27                 agency to act are actions that are uniquely in the interest and
                   domain of state courts ." *Clemes v. Del Norte,* 843 F.Supp. 583,
28                 596 (1994). However, three years later, in *Chicago,* the United

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

States Supreme Court noted that "there is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state *or local* administrative determination." 522 U.S. at 169. Further, "the statute confers supplemental jurisdiction over 'all other claims' in the same case or controversy as a federal question, without reference to the nature of the review." *Id.* Thus, federal jurisdiction may encompass review of state *and local* administrative decisions.

(Emphasis added).

Though *Wesner* is not binding authority, it is nonetheless being relied upon by other courts.[4] *Jensen v. Cty. of Sonoma* cites *Wesner* for the proposition that a federal complaint may include "both federal civil rights claims under Section 1983 and a state law claim under Section 1094.5." *Jensen* at *6. In affirming *Jensen*, the Ninth Circuit impliedly upheld the trial court's ruling on this issue. *Jensen*, 444 F. App'x at 158 (relying on existence of mandamus claim raise in federal action to defeat defendant's allegation that plaintiff had not exhausted state court remedies).[5]

Plaintiffs' state and federal claims arise from the same set of facts, meaning that judicial economy, convenience, and fairness will all be best served by an exercise of supplemental jurisdiction under Section 1367(a). And as to comity, there is nothing peculiar about Plaintiffs' state court claims; the fairness and due process issues to be decided are neither novel nor complex, meaning the exercise of discretion here has no more impact on state-federal comity than any other case where supplemental jurisdiction is utilized. Accordingly, because the balance of the relevant factors tips in favor of

---

[4] *See, e.g., Jensen v. Cty. of Sonoma,* No. C-08-3440 JCS, 2010 WL 2330384, at *6 (N.D. Cal. June 4, 2010), *aff'd,* 444 F. App'x 156, 158 (9th Cir. 2011); *Volis v. Hous. Auth. of City of Los Angeles Employees*, No. CV1301397MMMSPX, 2014 WL 12688696, at *4 (C.D. Cal. Apr. 14, 2014), *aff'd sub nom. Volis v. Hous. Auth. of the City of Los Angeles Employees*, 670 F. App'x 543 (9th Cir. 2016); *Sakhrani v. City of San Gabriel*, No. CV16-1756-CAS(PLAX), 2016 WL 7378088, at *7 (C.D. Cal. Dec. 20, 2016).

[5] Plaintiff recognizes that *Clemes* is also being relied upon in some recent district court rulings (e.g., *Mory v. City of Chula Vista*, No. 10-CV-252 JLS WVG, 2011 WL 777914, at *2 (S.D. Cal. Mar. 1, 2011)), but none of the *Clemes* line of cases ever explains why it would be "entirely inappropriate for a federal court" to exercise supplemental jurisdiction over mandamus claims brought against parties who *do not* have Eleventh Amendment immunity. *Clemes*, 843 F.Supp. at 596.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1 Plaintiffs' position, and because Defendants have failed to show any justification for the

2 Court to decline exercising its discretion, the Court should deny the Motion and exercise

3 supplemental jurisdiction over Plaintiffs' state law claims.

4      **II.    Defendants' Ripeness Argument Fails Because It Is Based on the
"Takings" Clause of the Fifth Amendment, and Plaintiffs' Section 1983**

5                **Claim Is Not Based on a Violation of that Clause.**

6      The Fifth Amendment of the Constitution contains many separate clause, including

7 a "Due Process" clause and a "Takings" clause. Though Plaintiffs recognize the Complaint

8 herein unnecessarily references the Fifth Amendment's Takings clause in addition to the

9 Due Process clause,[6] Plaintiffs' civil rights claim is grounded in the Due Process clauses

10 of the Fifth and Fourteenth Amendments, not the Takings clause. In light of this fact,

11 Defendants' Takings clause-based ripeness argument fails.

12      The lynchpin of Defendants' argument is *Williamson Cty. Reg'l Planning Comm'n v.*

13 *Hamilton Bank*, 473 U.S. 172, 186 (1985). As the Motion notes, *Williamson* concerned a

14 "claim that the application of government regulations effect[ed] a *taking* of a property

15 interest[.]" (Mot. at 6:21-24 [italics added]). *Williamson* "places two hurdles in the way of a

16 taking claim brought in federal court against states and their political subdivisions. First, a

17 claim that the application of government regulations effects a taking of a property interest

18 is not ripe until the government entity charged with implementing the regulations has

19 reached a final decision regarding the application of the regulations to the property at

20 issue." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1478 (9th Cir

21 1989). "The second, and independent, hurdle established by *Williamson County* requires

22 plaintiffs to 'seek compensation through the procedures the State has provided for doing

23 so' before turning to the federal courts." *Id.* at 1479.

24      Here, there is no government regulation alleged to have effected the taking of a

25 property interest. Indeed, the allegations are largely to the contrary, e.g., that Defendants

26

27      [6] Plaintiff has no objection to the Court striking these passages from the Complaint:
"nor shall private property be taken for public use, without just compensation" and "against

28 taking of private property for public use without just compensation[.]" (Compl. ¶ 61).

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1  failed to follow the rules relevant to Plaintiffs' business license application. (*See* Compl. at

2  ¶¶ 58-59, 67, 74.) And in any event, Plaintiffs do not seek compensation for a taking.

3  (Compl. at Prayer ¶¶ 1-5). Accordingly, neither prong of *Williamson* is implicated here, and

4  therefore the remainder of Defendants' Takings clause based argument is of no import.

5       Defendants do mention due process in the tail end of Section VI.B. of the m, but

6  the conclusory and completely unsupported nature of the statements belies the existence

7  of a legitimate argument. Defendants claim:

8          Likewise, plaintiff [sic] cannot make a claim about lack of due

        process, when plaintiffs have failed to avail themselves of all of

9          the process available to them. Until plaintiffs pursue all

        available state court remedies, and are thereafter denied just

10         compensation or due process, th[e claim under 42 U.S.C. §

        1983] is not ripe and should be dismissed on that basis.

11

12 (Mot. at 7:26-8:2).

13      Defendants' lack of a citation in this passage is telling—Defendants are

14 arguing that a Due Process clause claim must be brought in state court before this

15 Court has jurisdiction over such claim, but the only authority—impliedly—offered for

16 this position concerns regulatory takings, *e.g.*, *Williamson*. (Mot. at 7:24 - 8:2). That

17 law is clearly inapt. This argument was expressly refuted in *Sinaloa Lake*, 864 F.2d

18 at 1481 ("we reject defendants' contention that *Williamson County* requires

19 exhaustion of available state compensation remedies before plaintiffs may pursue

20 their due process claim in federal court"). *Sinaloa Lake* notes that the exhaustion

21 requirement of *Williamson* is "derived from 'the special nature of the Just

22 Compensation Clause,'[e.g., the Takings clause, which] states only that the just

23 compensation clause cannot be violated until the state has subsequently declined to

24 pay for the taking; it has no application to other types of constitutional claims[.]" *Id.*

25 (citation omitted). Because "[t]he rationale for requiring exhaustion of state

26 compensation remedies in taking cases does not extend to a claim that plaintiffs were

27 denied due process" (*id.*), Defendants' due process-related exhaustion argument

28 necessarily fails.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

A.  *United States v. Cal. Care Corp.*

Section IV.B. of the Motion cites *United States v. Cal. Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983), which concerns exhaustion of *administrative* resolution options. *Id.* Here, Plaintiffs appealed the relevant business license application denial, which was upheld by the final decision of Defendant Tran, issued April 24, 2017. (Compl. at ¶ 54). Solano County Code section 14-32(d) clearly shows that there was no further administrative resolution option available to Plaintiffs at that point: "The decision of the county administrator or his or her authorized representative is a final administrative order, with no further administrative right of appeal." Because there is no further administrative option, *Cal. Care Corp.*is inapplicable. Accordingly, because *Cal. Care Corp.*, just like *Willliamson* and related Takings clause cases have no applicability in this action, the arguments raised in Section IV.B. of the Motion should be ignored by the Court.

**III.    The Allegations Against the County Are Sufficient under *Monell*, and Defendants' Claims to the Contrary Are Shown Herein to Be Unjustified.**

A.  Background Law

"[W]hen execution of a government's [(1)] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, [(2)] inflicts the [(3)] injury [i.e., a "constitutional violation"] that the government as an entity is responsible under § 1983." *Monell* [*v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978). "[A] 'single decision may satisfy *Monell*'s municipal policy requirement if that decision was 'properly made by one of the municipality's authorized decisionmakers,' i.e., 'by an official who 'possesses final authority to establish a municipal policy with respect to the challenged action.'" *Shelley v. Cty. of San Joaquin*, 996 F. Supp. 2d 921, 932 (E.D. Cal. 2014) (citing *Gobel v. Maricopa Cty.*, 867 F.2d 1201, 1206–07 (9th Cir.1989), quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–81 (1986)).

*Monell* claims are subject to the same pleading standards applicable to all civil actions, i.e., a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

16

opposing party to defend itself effectively [, and] the factual allegations must plausibly suggest an entitlement to relief[.]" *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) and the discussion therein concerning, among other cases, *Iqbal*, 556 U.S. 662, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)).

        B. Plaintiffs Pleaded Sufficient Facts to Prove Liability the County's Liability under *Monell,* and Defendants' Argument to the Contrary Fails Because It Necessarily Ignores the Facts Pleaded.

            1. The Allegations in the Complaint Sufficiently Allege a "Policy" and a "Custom" under *Monell.*

Defendants try to discount the Complaint by claiming that "plaintiffs do not allege any specific facts" in support of Plaintiffs' "policy" allegations. (Mot. at 9:22-23). This is plainly incorrect; Defendants are just choosing to ignore the multiple paragraphs in the Complaint wherein specific facts related to the "policy or custom" are alleged. (Compl. ¶¶ 44-53). Plaintiffs expressly alleged specific facts in the course of identifying the policy at issue: "Defendant County has a policy by which it allows department heads to both delegate decision-making authority as to the existence of a nonconforming use while nonetheless allowing the department heads to have unfettered discretion to retroactively invalidate decisions made via the delegation of authority." (Compl. ¶ 53).

Further, Plaintiffs alleged specific facts about how the policy was utilized to effectively nullify Plaintiffs' nonconforming use right. (*Id.* ¶¶ 58-60, 63). Those allegations do not constitute a "simpl[e] recit[ation of] the elements of a cause of action." *AE ex rel. Hernandez*, 666 F.3d at 637. Instead, they "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* Defendants' arguments aimed at Plaintiffs' policy allegations ignore the obvious: those allegations "give fair notice" to Defendants such that they can defend themselves effectively. Accordingly, Plaintiffs have sufficiently plead a "policy" under the definition used by the Ninth Circuit (*Dee Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1  2012),[7] and Defendants' contentions to the contrary necessarily fail.

2       Defendants also try to undermine Plaintiffs' "policy" allegations by commenting that

3  "allegation of a single instance of misconduct is insufficient to establish a public entity

4  custom." (Mot. at 9:20-22). Defendants fail twice over with this assertion. The "single

5  instance" rule stated in *Navvaro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995) refers to

6  pleading a "custom[,]" not a policy. Defendant Emlen is the Director of the County's

7  Department of Resources Management and he has the authority make nonconforming

8  use policy determinations and set the standards therefor (see Solano County Code §§ 2-

9  141 through 2-143, 28.114(g), 28.118), meaning he is "an official who 'possesses final

10  authority to establish a municipal policy with respect to the challenged action[.]'" *Pembaur*,

11  475 U.S. at 481. Thus, even if Defendant Emlen's conduct was a "single instance[,]" his

12  status as an "authorized decisionmaker" for the County means that his conduct would be

13  sufficient to establish the "policy" element of the *Monell* standard. *Id.* at 481 ("If the

14  decision to adopt that particular course of action is properly made by that government's

15  authorized decisionmakers, it surely represents an act of official government 'policy' as

16  that term is commonly understood.").

17       Further, even if the issue is analyzed to determine if there is an unconstitutional

18  custom in play, what is alleged in the Complaint is more than a "single instance." Indeed,

19  the Complaint alleges at least four instances wherein the County disregarded the

20  previously established nonconforming use determination. (Compl. ¶¶ 29, 34, 48, 50, 55).

21  These were not "one off" incidents. Instead, these incidents show that: the County's

22  Director of Resource Management (Defendant Emlen, who also acted as the County's

23  Business Licensing Officer), the County's Planning Manager, County counsel, and the

24  County's appointed hearing officer (Defendant Tran) *all*, in separate instances, followed

25  the policy or custom of ignoring a valid nonconforming use determination.

26

27       [7] ("A 'policy' is 'a deliberate choice to follow a course of action . . . made from
   among various alternatives by the official or officials responsible for establishing final
28  policy with respect to the subject matter in question.'"). *Id.*

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

And Defendants similarly ignore the text of the Complaint in contending that Plaintiffs cannot state a Due Process-based claim because "plaintiffs *did get* a hearing . . . and did . . . raise the issue of the nonconforming use determination." (Mot. 9:23-25). The Complaint expressly alleges the hearing was "legally meaningless" because the result thereof was predetermined by the County, and Defendant Tran in particular, ignoring the existence of Plaintiffs' legal nonconforming use (Compl. ¶¶ 55, 64). S*ee Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986, 995 (9th Cir. 2011) ("A meaningless hearing is no hearing at all, and does not satisfy the requirements of procedural due process.").

Defendants' final argument on the first *Monell* element is as follows: because the repudiation of the County's nonconforming use determination was "allegedly, based on nuisance complaints against the Gun Club[,]" that factual scenario is mutually exclusive of the possibility that the repudiation was the result of an unconstitutional policy. (Mot. at 9:26-10:2). That argument can be disposed of with a short review of what Plaintiffs pleaded. Specifically, the policy pleaded is that the County allows department heads to "have unfettered discretion to retroactively invalidate decisions made via … delegation[s] of authority." (Compl. ¶¶ 53, 58). Thus, the specific factual basis for an exercise of unfettered discretion—be it the existence of complaints from the public or something completely unrelated thereto—has no bearing on whether the policy was relied upon. Defendants attempt to create a binary situation where one simply does not exist is of no merit and should be disregarded. Plaintiffs sufficiently pleaded a "policy, custom, or practice" under *Monell.*

2.     The Causal Relationship between the County's Improper Policy/Custom and the Constitutional Injury Is Clear.

Defendants continue to ignore the substance of the Complaint in alleging that "plaintiff [sic] has pled no facts establishing a connection between the alleged policy or procedure and the constitutional injury" as required under *Monell.* (Mot. at 10:4-6). Defendants similarly disregard multiple paragraphs in the Complaint when they claim it

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

"fails to set forth any specific facts demonstrating how the alleged policy of repudiating nonconforming use decisions resulted in the adverse decision regarding plaintiffs' business license [application]." (Mot. at 10:11-12). In fact, the Complaint could hardly be clearer on these issues.

After identifying and explaining how the policy was applied to Plaintiffs' detriment (Compl. ¶¶ 53-62), the Complaint summarizes the issue, stating that based on the utilization of the policy (i.e., "Defendant County's decision to repudiate its acknowledgement of a legal nonconforming use"), the County's conduct "constitutes an unlawful taking[8] of property, and this violates PLAINTIFFS' right to due process under the Fifth and Fourteenth Amendments[.]" (Compl. ¶ 63). And as to how the policy "resulted in the adverse decision regarding plaintiffs' business license application[,]" that issue is also plainly addressed in the Complaint, wherein Plaintiffs point out that *because* of adherence to the policy, the business license application denial hearing was "legally meaningless." (Compl. ¶¶ 64-65). Defendants, however, claim that there was no constitutional injury because, as Defendants see it, "there was a process—it simply did not result in the outcome plaintiffs desired." (Mot. at 10:14-15). But, as explained above, "[a] meaningless hearing is no hearing at all" for due process purposes. *Ass'n for Los Angeles Deputy Sheriffs*, 648 F.3d at 995. Accordingly, in the context of a motion to dismiss, it is assumed true that the relevant hearing did not meet constitutional due process requirements, meaning Plaintiffs' due process-based *Monell* claim can proceed. *See id.* at 992-94. Because the utilization of the policy/custom was patently a direct cause of Plaintiffs' loss of property in derogation of constitutional due process protections, the second *Monell* element has been met.

3. Plaintiffs Have a Constitutionally Protected Due Process Right that Protects the Nonconforming Use at Issue.

There can be no reasonable dispute that the right to continue a non-conforming

---

[8] To be clear, the use of the term "unlawful taking" here does not refer to a violation of the Takings clause of the Fifth Amendment.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

use is a valuable property interest, and that the Due Processes clauses of the Fifth and Fourteenth Amendment must be complied with if a governmental entity intends to extinguish a non-conforming use. *Bauer v. City of San Diego*, 75 Cal. App. 4th 1281, 1285, 1294-1295 (1999) (treating "grandfathered" nonconforming use status as equivalent to a conditional use permit, and holding that "revocation" of such a vested right is "a very harsh remedy which requires the strictest adherence to principles of due process."); *see also Scavone v. Mayor & Council of Borough of Totowa*, 49 N.J. Super. 423, 428 (1958) ("a nonconforming use is 'a property right, a part of the land title, that could only be extinguished by acts or omissions indicating an intention to abandon it'"); *cf. McCaslin v. City of Monterey Park*, 163 Cal. App. 2d 339, 346–47 (1958) (recognizing that a nonconforming use is a property interest subject to due process protection). The shooting range at issue is a nonconforming use with substantial value, and it is "property" subject to constitutional due process protection under the Fifth and Fourteenth Amendments. In light of the foregoing and Defendants failure to argue otherwise, Plaintiffs have sufficiently pleaded this, and thus all, of the elements of *Monell* claim. In light thereof, Defendants attempt to have Plaintiffs' *Monell* claim dismissed should be denied.

### IV. Defendants Misapprehend the Standards for Pleading a Section 1983 Claim against an Individual; Defendants Emlen and Tran's Conduct, as Alleged in the Complaint, Suffices.

Defendants claim that defendants Emlen and Tran should be dismissed because they are alleged to have "acted 'under color of state law" and "are sued in their official capacities and monetary damages are not sought from them individually." (Mot. 11:1-3 and n.1). Though this argument is raised in a footnote, without any legal authority, and is not altogether clear, it appears to be based on Defendants' mistaken belief that a Section 1983 defendant cannot have both (1) acted under color of state law and (2) be sued individually, but in their "official capacity." If that is Defendants' position, it is wrong.

Official capacity suits "generally represent . . . another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 . . . (1985) (citing *Monell v. New York City Dept. of Soc. Services*, 436 U.S. 658, 690 n.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

55 . . . (1978)).” *Estate of Abdollahi v. Cty. of Sacramento*, 405 F. Supp. 2d 1194, 1211 (E.D. Cal. 2005). “[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.” *West v. Atkins*, 487 U.S. 42, 50 (1988). Given Defendants’ Emlen and Tran’s improper conduct occurred entirely within the scope of Defendant County’s analysis and decisionmaking regarding the existence of Plaintiffs’ nonconforming use (Compl., *passim*)—activities Defendants, Emlen and Tran, could not have performed but for their official capacities—the relevant activities were clearly performed “under color of state law.” Further, because Defendants, Emlen and Tran, are “persons” whose conduct is actionable under Section 1983, and because their conduct resulted in a constitutional violation (see *supra* at § III.B.3), they are properly sued herein. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (“To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred “under color of state law” and (2) the action resulted in the deprivation of a constitutional right or federal statutory right.”)

Strangely, Defendants claim “Plaintiffs make no allegations that Emlen was involved in the [business license application denial] hearing.” First, as is relevant hereto, Defendant Emlen’s conduct, e.g., relying on the alleged policy and disregarding Plaintiffs’ nonconforming use rights, happened *before* the hearing. (Compl. ¶¶ 34-35). Second, though the Complaint does not expressly state it, County counsel’s appearance at the audio-recorded hearing, was on behalf of the County, and, was specifically “on behalf of the Solano County Business Licensing Officer[,]” i.e., Defendant Emlen. Even though Defendants certainly know this to be true, Plaintiffs do not object to amending the Complaint accordingly should the Court find it necessary to maintain the relevant claim. In reality, Defendants claim is the one it repeatedly raises throughout the Motion; i.e., that the hearing held was sufficient to meet constitutional due process requirements. (Mot. at 11:20-23). And as stated above, that argument fails because Plaintiff has expressly pleaded facts that show a due process violation occurred notwithstanding the fact a hearing was held. *Ass'n for Los Angeles Deputy Sheriffs*, 648 F.3d at 995.

OPPOSITION TO DEFENDANTS’ MOTION TO DISMISS COMPLAINT

1

2

### V. Plaintiffs Have Pleaded Sufficient Facts under Section 1983 as to Defendants Emlen and Tran.

3    In reviewing Defendants' argument that "plaintiffs have not set forth facts sufficient

4 to constitute a [Section 1983] cause of action against defendant Emlen[,]" Defendants

5 make a series of bald assertions about what is not in the Complaint—assertions that are

6 made by simply ignoring ~~the~~ what Plaintiffs pleaded. Defendants content the facts pleaded

7 do not "indicate that [Defendant] Emlen violated plaintiffs' constitutional rights. (Mot.

8 at11:24-26). That claim is false. (Compl. ¶¶ 34-35, 48, 51, 53, 58-60). Defendants also

9 restate the dubious claim that Defendant Emlen "was not involved in the hearing process,"

10 even though it concerned the business license denial he issued. (Compl. ¶ 34).

11 Defendants also incorrectly assert that "the only allegation concerning Emlen's

12 involvement with the decision-making process" was that he "decided not to complete a

13 zoning clearance process for the business license application. This statement is also

14 untrue. ((Compl. ¶¶ 34-35, 48, 51, 53). Plaintiffs alleged specific facts about Defendant

15 Emlen's involvement in the relevant constitutional violations, and Defendants' argument in

16 response is nothing more than to unabashedly claim otherwise. Because Plaintiffs have

17 sufficiently pleaded a Section 1983 claim against Emlen, the Motion should be denied.

18    Similarly, Defendants incorrectly claim that "there are no allegations as to the

19 specific conduct by Tran which plaintiffs allege violated their constitutional rights." (Mot. at

20 12:15-18). The Complaint clearly alleges that Defendant Tran ignored the existence of

21 Plaintiffs nonconforming use rights when he issued his decision upholding the denial of

22 Plaintiffs' business license application (Compl. ¶¶ 54-55), that Defendants' (a group which

23 includes Defendant Tran) relied on the policy that allowed the County to ignore Plaintiffs

24 previously confirmed nonconforming use rights (*id.* ¶¶ 58-60), and that the County, *which*

25 *denied the business license application through Tran's decision* (*id.*), violated Plaintiffs

26 property-interest based due process rights. (*Id.* ¶¶ 63-65). Because the Complaint itself

27 disproves Defendants' bald assertions about what Plaintiffs pleaded, the Court should

28 allow Plaintiffs' Section 1983 claims against Defendants Emlen and Tran to continue.

23

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

**VI.    The Immunity Claims Made by Defendants Fail under Well Established Law.**

**A.  Judicial Immunity Does Not Apply to Prospective Injunctive Relief, Which Is What Plaintiffs Seek herein.**

Plaintiffs need not provide a point-by-point response to Section IV.E. of the Motion because Defendants' entire argument overlooks one determinative point of law: "judicially immunity does not bar declaratory or injunctive relief in actions under § 1983." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1391 (9th Cir. 1987) (citing *Pulliam v. Allen*, 466 U.S. 522 (1984), and *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc)). Defendants recognize that Defendants, Emlen and Tran, "are sued in their official capacities and monetary damages are not sought from them individually" (Mot. at 11:1-3), but they nonetheless spend considerable time arguing for an immunity intended to protect decisionmakers from the "fear of civil damage lawsuit"—an issue not raised by the instant Action. (Mot. at 14:24-27). Thus, even assuming arguendo Defendant Tran acted in a quasi-judicial capacity, the lack of a claim for damages against him means he has no opportunity to be protected by quasi-judicial immunity.

Defendants' quasi-judicial immunity argument as to Defendant Emlen is baffling. They claim, without any citation of legal authority, that "[b]ecause defendant Emlen is also alleged to have been involved in the decision-making process, he too is entitled to [quasi-judicial immunity]." (Mot. at 15:5-6). Defendant Emlen's conduct as the County's Business Licensing Officer, including his appearance at the relevant hearing through County counsel, or his decision to invoke the policy whereby he disregarded Plaintiffs' nonconforming use right (an action he took in his role as the County's Director of Resource Management) does not fall within the protection of the doctrine of quasi-judicial immunity. *Cf. Mesquite Grove Chapel v. DeBonis,* 633 F. App'x 906, 908 (9th Cir. 2015) (holding that a zoning administrator did not have quasi-judicial immunity as to its determination that a development for land zoned for "church use" did not meet the county's definition of a "church"). Indeed, Plaintiffs are unable to locate any case in this circuit holding that quasi-judicial immunity can apply regarding an administrative agency

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1  employee defending a particular administrative action in an administrative appeal.

2      But more troubling is that Defendants are claiming that Defendant Emlen *was*

3  allegedly "involved in the decision-making process" (Mot. at 15:5-6), when, just pages

4  earlier in the Motion, they claim "Plaintiffs make no allegations that Emlen was involved

5  with the appeal hearing." (Motion at 11:17). In any event, Defendants quasi-judicial

6  immunity arguments have no impact in this case, and should be ignored.

7

8          B.  Qualified Immunity only Potentially Applies as to Claims for Damages,
               and Plaintiffs Do Not Seek Damages from Defendants Emlen and
               Tran.

9

10     Just like Defendants' quasi-judicial immunity argument, their qualified immunity

11  argument fails because: "[q]ualified immunity is only an immunity from a suit for money

12  damages, and does not provide immunity from a suit seeking declaratory or injunctive

13  relief." *Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012). Rather than providing any

14  new argument to support this facially invalid argument, Defendants just repeat arguments

15  previously made (see Mot. at 15:18-26), along with this unsupported non sequitur: "the

16  County has the right to determine land uses within its jurisdiction, and it did so." (*Id.* at

17  15:19-20). Furthermore, Defendants attempt to claim that, even assuming they did violate

18  Plaintiffs' constitutional rights, qualified immunity still applies because "[a] reasonable

19  officer in the position defendants would not have known that denying the business license

20  light be violative of plaintiffs' rights under the 5th and 14th Amendments." (Mot. at 15:9-17,

21  16:1-5). Defendants' argument fails twofold.

22     First, at the pleading stage, the question is not what a "reasonable officer" might

23  have done; it is what is alleged in the Complaint that matters—i.e., the "allegations of

24  material fact" that must be "taken as true and construed in the light most favorable to the

25  nonmoving party." *Buckley*, 968 F.2d at 794. The Complaint is unambiguous: "the

26  execution of the unlawful policy that resulted in the loss of PLAINTIFFS' nonconforming

27  use was done with the intent and knowledge that such policy violated PLAINTIFFS' due

28  process rights." (Compl. ¶ 64). Second, Defendants' assertion is substantively without

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

logical mooring. That is, under an objective standard, a "reasonable" Director of Resource
Management is going to know that a decision not to issue a business license, which here
meant the shooting range would have to close (Compl. ¶¶ 34, 38-41), requires due
process. *Cf. Bauer*, 75 Cal. App. 4th at 1294-1295 (noting that, when a land use
determination "could have the effect of putting the licensee completely out of business[,]
the strictest adherence to principles of due process [is required]. Whenever alternate
remedies can achieve the same goal, such as the imposition of additional conditions or
controls, these avenues ought to be pursued if feasible.") And beyond that, the fact that
the County Code provides for: (1) the head of planning to make a determination as to the
scope of nonconforming uses (Solano County Code §§ 2-141 - 2-143, 28.114(g), 28.118)
and (2) also provides for an administrative appeal regarding such matters, strongly
supports the conclusion that a "reasonable officer" would not have engaged in the conduct
that lead to the constitutional violation herein. As shown above, qualified immunity is
irrelevant to this case and the Court should disregard any allegations to the contrary.

### CONCLUSION

The Court should deny the Motion for the reasons stated above. Alternatively, if the
Court determines that one or more of Plaintiffs' claims can be dismissed pursuant to
Federal Rule of Civil Procedure 12(b)(6), Plaintiffs request the Court grant leave to amend
to address any insufficiencies identified by the Court. *Olivas v. Nevada ex rel. Dep't of
Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) ("leave to amend should be freely given").

Dated:  October 5, 2017

**MICHEL & ASSOCIATES, P.C.**

/s/ C.D. Michel
C.D. Michel
E-mail:cmichel@michellawyers.com
Attorneys for Plaintiffs
Twin Sisters Gun Club and Thomas Bock

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### ROBERT T. MATSUI FEDERAL COURTHOUSE

TWIN SISTERS GUN CLUB, an
Unincorporated Association, and
THOMAS BOCK,

        Plaintiffs/Petitioners,

        vs.

WILLIAM F. EMLEN, MINH C. TRAN,
COUNTY OF SOLANO, and DOES 1-10,

        Defendants/Respondents.

**CASE NO. 2:17-cv-01526-MCE-GGH**

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

        I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

        I am not a party to the above-entitled action. I have caused service of:

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Raymond Bangle, III
Nicholas R. Shepard
LAW OFFICES OF MATHENY SEARS
LINKERT & JAIME LLP
3638 American River Drive
Sacramento, CA 95864

        Attorneys for Defendants

        I declare under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2017.

                   /s/ C.D. Michel
                   C.D. Michel
                   Attorney for Plaintiffs