Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RAYMOND BANGLE III – SBN 105057
NICHOLAS R. SHEPARD – SBN 300629
3638 American River Drive
Sacramento, CA 95864
Telephone:   (916) 978-3434
Facsimile:   (916) 978-3430

Attorneys for Defendants WILLIAM F. EMLEN,
MINH C. TRAN and COUNTY OF SOLANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN SISTERS GUN CLUB, an Unincorporated Association, and THOMAS BOCK,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM F. EMLEN, MINH C. TRAN, COUNTY OF SOLANO, and DOES 1-10,<br><br>Defendants. | Case No: 2:17-cv-01526-MCE-GGH<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS WILLIAM F. EMLEN, MINH C. TRAN AND COUNTY OF SOLANO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:  October 19, 2017<br>Time:  9:00 A.M.<br>Courtroom:  9, 13th Floor |

## I.   INTRODUCTION

Defendants William F. Emlen, Minh C. Tran, and County of Solano submit this Reply Brief in support of their Motion to Dismiss Plaintiffs' Complaint.

As an initial matter, with respect to plaintiffs' § 1983 claim against the County, defendants are willing to concede that the ripeness argument regarding the Takings Clause is moot, if plaintiffs remove the reference to the Takings Clause.[1] As noted in defendants' motion, the Complaint was unclear as to whether it pled only a Due Process violation of the 5th and 14th Amendments, or whether the Complaint also pled a Constitutional Taking. Given that plaintiffs have clarified this point, defendants will withdraw their contentions with respect to ripeness of a

---
[1] See plaintiffs' Opposition, p. 14, lines 6-11, and fn. 6.

1

Takings claim against the County, if plaintiffs amend the Complaint to clarify that no taking is being alleged.

Nonetheless, as explained in defendants' Motion, and below, the court should still decline jurisdiction over the state mandamus claims. Further, plaintiffs have failed to state a viable due process claim against any defendant.

### A. The Court Should Decline Supplemental Jurisdiction Over the State Mandamus Claims.

Plaintiffs attempt to argue that the Court should exercise jurisdiction over the state mandamus claims by relying on non-binding case law, and attempting to distinguish *Clemes v. Del Norte County Unified Sch. Dist.,* 843 F.Supp. 583, 596 (N.D.Cal. 1994). However, plaintiffs ignore several important points in the relevant case law in making the argument that this Court should exercise supplemental jurisdiction.

First, plaintiffs claim that "none of the *Clemes* line of cases ever explains why it would be 'entirely inappropriate for a federal court' to exercise supplemental jurisdiction over" such claims. This is not true. In *Fresno Unified Sch. Dist. v. K.U.*, the Court explained that the reason for a federal court not exercising supplemental jurisdiction is that "the exercise of jurisdiction over a state mandamus issue raises serious considerations regarding comity and federalism." *Fresno Unified Sch. Dist. v. K.U.,* 980 F.Supp.2d 1160, 1184 (E.D.Cal. 2013).

Plaintiffs also misstate some of the legal authorities cited in their opposition. For example, in footnote 1 (page 8), plaintiffs quote *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1027, fn. 6 (9th Cir. 2005), " '[A] claim involving federal constitutional rights may be joined to a California mandamus action.' *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 787 n.5 (9th Cir. 1986)." Plaintiffs apparently misunderstand the plain meaning of the quoted statement: that a federal constitutional claim can be joined to a California mandamus action *in California state court*. This of course has no bearing on the issue at hand, except for the important point that plaintiff could certainly file this entire action in state court, where the mandamus claims would be more appropriate.

///

Indeed, while 28 U.S.C. § 1367 may not explicitly bar the federal courts from exercising jurisdiction over state mandamus claims, substantial case law supports defendants' contention that this Court should decline to do so. In *Hill v. County of Sacramento*, the Ninth Circuit held that Cal. Civ. Proc. Code § 1085 authorizes **only state courts** to issue writs of mandate. *Hill v. County of Sacramento*, 466 F.App'x 577, 579 (9th Cir. 2012) (emphasis added).[2] See also *Layton v. Knipp*, (No. 2:13-cv-1618-AC P), 2013 U.S. Dist. LEXIS 136086, 2013 WL 5348153 at *4-5 (E.D.Cal. Sept. 23, 2013) ("Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.") Indeed, federal district courts routinely decline to exercise supplemental jurisdiction over California writ of mandate claims. Where a state law claim is inextricably tied to a request for a writ of mandamus, a federal district court appropriately declines supplemental jurisdiction. *Fresno Unified Sch. Dist., supra*, 980 F.Supp.2d at pp. 1184-1185.

Here, the relief sought is "inextricably tied" to a mandamus request. Plaintiffs seek judicial intervention directing the County to overturn defendants' decision denying a business license to Twin Sisters Gun Club. Such state mandamus claims simply are not appropriate for Federal Court review. In fact, this is precisely a circumstance in which section 1367 contemplates a district court may decline to exercise jurisdiction over supplemental claims: "the claim substantially predominates over the claim or claims over which the court has original jurisdiction." (28 U.S.C. § 1367(a)(2).)

Here, the mandamus claims clearly predominate. The main thrust of plaintiff's Complaint seeks declaratory relief, and for the Court to direct defendants to set aside the denial of the business license application, and to perform a zoning clearance, holding to "the nonconforming use previously recognized by Defendant County." (Dkt. 1, p. 12-13.) While plaintiff also prays for damages in the form of lost profits, the gravamen of the complaint undeniably is the mandamus claims. Further, while plaintiff claims that dismissal of the mandamus claims would result in a parallel state and federal lawsuits, this is also untrue. As noted by plaintiff, a claim

---

[2] Plaintiff's Third Claim for Writ of Ordinary Mandamus is explicitly premised on Cal. Civ. Proc. Code § 1085. (Dkt. 1.)

involving federal constitutional rights may be joined to a California mandamus action. *Clark, supra*, 785 F.2d at p. 787 n.5. Plaintiffs could join the constitutional claims to the state mandamus actions in the California Superior Court.

Critically, the party invoking jurisdiction bears the burden of proof in regards to a FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiffs have failed to meet this burden. The Federal District Court, should decline jurisdiction over the state mandamus claims on the basis that principles of comity and federalism prevail where the state mandamus claims predominate over the federal claim.

### B. Plaintiffs Fail to State Facts Sufficient to Constitute a Claim for Violation of Plaintiffs' Due Process Rights.

To avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). The claim must have facial plausibility which requires plaintiff to allege such facts that add up to more than a sheer possibility that defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard commands more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Id.* The court will not supply essential elements of a claim that were not pled. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, plaintiffs allege that defendants "adopted a policy that nonconforming use determinations made via an express or implied delegation of authority can be repudiated" without prior notice, hearing, or explanation. (Dkt. 1, ¶ 57.) However, as noted in defendants' motion, plaintiffs do not allege any specific facts in support of this conclusory allegation. Plaintiffs' opposition cites to paragraphs 44-53 of the Complaint as "specifics" regarding a policy, but these paragraphs do not say anything about a specific policy, what that policy entailed, or how that

policy was enacted and/or followed. Simply put, nothing in these paragraphs provides "sufficient factual matter" to support a claim for a due process violation.

Indeed, the actual allegations of the Complaints admit a process existed in that plaintiffs were permitted an appeal hearing, and likewise introduced evidence at that hearing concerning the nonconforming use determination and alleged repudiation thereof. (Dkt. 1, ¶ 48-51, 55.) While plaintiff claims this hearing was "legally meaningless" (Dkt. 1, ¶ 64), plaintiffs' Complaint contains no facts as to *why* the hearing was legally meaningless. At a bare minimum, plaintiff should be required to plead more specific allegations as to why the hearing was "legally meaningless," other than that defendant Tran's decision went against plaintiffs. Plaintiffs must also allege specific facts regarding how the lack of a meaningful hearing actually caused any alleged harm or violated plaintiffs' constitutional rights. Merely stating that the hearing was "legally meaningless" is the very "labels and conclusions or a formulaic recitation of the elements of a cause of action" which is explicitly insufficient under the *Iqbal* pleading standard.[3]

At best, plaintiffs have shown only a mere possibility that defendants have acted unlawfully. Per *Iqbal*, without more, plaintiffs' Complaint does not state facts sufficient to constitute a due process claim, and thus should be dismissed.

### C. Plaintiffs Fail to State Facts Sufficient to Constitute a Claim Against Emlen or Tran.

As "official capacity" suits are essentially another way of suing the entity, plaintiff's Complaint fails to state a claim against Emlen and Tran for the same reasons it fails to state a claim against the County. In addition, further deficiencies demand that dismissal of plaintiff's due process claims against Emlen and Tran. First, the Complaint contains no specific allegations that the County, Emlen, or Tran "execute[d] a policy statement, ordinance, regulation, or decision **officially adopted** and promulgated by that body's officers." See *Monell v. Dep't of Soc. Servs.*,

---

[3] The phrase "legally meaningless" appears to be plaintiffs' attempt to avail themselves of the holding in *Ass'n for L.A. Deputy Sheriffs v. County of L.A.*, 648 F.3d 986, 995 (9th Cir. 2011) "A meaningless hearing is no hearing at all, and does not satisfy the requirements of procedural due process." However, the resort to repeating keywords and phrases gleaned from relevant case law, rather than specific factual allegations, is further indication that plaintiffs' Complaint falls short of the *Iqbal* pleading standard by merely alleging a "formulaic recitation of the elements of a cause of action."

436 U.S. 658, 690 (1978) (emphasis added). The Complaint contains only conclusory allegations on this required element of the claim.

Further, as noted in the motion to dismiss, the Complaint does not allege that Emlen had any actual involvement in the hearing. The only allegations against Emlen involve a conclusory allegation that Emlen overturned a preexisting nonconforming use determination. This, without more, does not satisfy the *Iqbal* standard. At the very least, plaintiffs must allege specific facts regarding Emlen's "decision" to overturn a nonconforming use determination, including specific factual allegations demonstrating how that action resulted in the deprivation of plaintiff's due process rights. Simply put, plaintiffs have not alleged enough facts to state a due process claim against Emlen.

Plaintiffs also fail to address the fact that plaintiffs *had a process*. They were given an appeal hearing on the issue of the denial of the business license. Plaintiffs ostensibly raised the issue of the nonconforming use at that hearing, but beyond the conclusory statement that the hearing was "legally meaningless" offer no specific factual allegations as to how the hearing was legally meaningless, and how, despite such a hearing, plaintiffs' due process rights were violated. Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell, supra,* 436 U.S. at p. 690-691. Plaintiffs have not met this requirement.

The claim against defendant Tran is even less adequate. Not only does it have all the same problems as the claim against the County and Emlen, but as plaintiff alleges, Tran's only actual involvement here was as the hearing officer for the business license appeal hearing.[4] Plaintiff does not allege that Tran was involved in overturning the nonconforming use determination. Indeed, all that can be determined from the Complaint is that Tran was the hearing officer, heard evidence, and rendered a decision. In other words, the only actions which plaintiff alleges Tran took were all actions *providing due process* to plaintiffs. Therein lies the critical issue at the heart of defendant's motion: plaintiffs essentially admit they were provided due process, they simply disagree with the outcome of that process.

---

[4] This fact alone implicates quasi-judicial immunity as more specifically addressed in defendant's motion.

## II.     CONCLUSION

For the reasons set forth above, the Court should decline jurisdiction over state mandamus claims, as such claims are more properly brought in state court. Further, because plaintiffs' Complaint is lacking in specific factual allegations to fully set forth a due process claim against any of the defendants, plaintiffs' Complaint is subject to dismissal.

Dated: October 12, 2017.                              **MATHENY SEARS LINKERT & JAIME LLP**

By: /s/ Nicholas R. Shepard
    RAYMOND BANGLE III
    NICHOLAS R. SHEPARD
    Attorneys for Defendants WILLIAM F.
    EMLEN, MINH C. TRAN and COUNTY
    OF SOLANO

*REPLY BRIEF IN SUPPORT OF DEFENDANTS WILLIAM F. EMLEN, MINH C. TRAN AND COUNTY OF SOLANO'S MOTION TO DISMISS*