Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RAYMOND BANGLE III – SBN 105057
3638 American River Drive
Sacramento, CA 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430

Attorneys for Defendants WILLIAM F. EMLEN
and COUNTY OF SOLANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN SISTERS GUN CLUB, an unincorporated association, and THOMAS BOCK,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM F. EMLEN, MINH C. TRAN, COUNTY OF SOLANO, and DOES 1-10,<br><br>Defendants. | Case No: 2:17-cv-01526-MCE-GGH<br><br>**DEFENDANTS WILLIAM F. EMLEN AND COUNTY OF SOLANO'S ANSWER TO PLAINTIFFS TWIN SISTERS GUN CLUB AND THOMAS BOCK'S COMPLAINT; DEMAND FOR JURY TRIAL** |

Come now defendants WILLIAM F. EMLEN and COUNTY OF SOLANO and hereby answer plaintiffs TWIN SISTERS GUN CLUB, an unincorporated association, and THOMAS BOCK's Complaint as follows:

**JURISDICTION AND VENUE**

1. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO admit the allegations in paragraph 3 of plaintiffs' Complaint.

2. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO deny the allegations in paragraphs 1 and 2 of plaintiffs' Complaint.

**PARTIES**

3. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO lack sufficient

1

knowledge, information and belief to enable them to admit or deny the allegations in paragraphs 4 and 5 of plaintiffs' Complaint.

4. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO admit the first sentence in paragraph 6 of plaintiffs' Complaint. Defendants deny the second and third sentence in the paragraph and deny that TWIN SISTERS GUN CLUB, an alleged unincorporated association, has any standing to bring any claims. Defendants admit the remaining allegations in paragraph 6.

5. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO neither admit or deny the allegations in paragraph 7 of plaintiffs' Complaint because the allegations therein are no longer relevant as defendant MINH C. TRAN has been dismissed from this action.

6. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO admit the allegations in paragraph 8 of plaintiffs' Complaint.

7. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO lack sufficient information, knowledge or belief to enable them to admit or deny the allegations in paragraph 9 of plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

8. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO admit the allegations in paragraphs 18, 22, 24, 25, 31, 42, 43, 44, 47, 49 and 54 of plaintiffs' Complaint.

9. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO deny the allegations in paragraphs 13, 15, 17, 19, 23, 26, 27, 29, 30, 33, 35, 36, 37, 45, 46, 48 and 52 of plaintiffs' Complaint.

10. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO lack sufficient knowledge, information or belief to enable them to admit or deny the allegations contained in paragraphs 10, 11, 12, 14, 16, 20, 21, 28, 32, 38, 40, 41, 53 and 55 of plaintiffs' Complaint.

11. As to paragraph 34 of plaintiffs' Complaint, defendants WILLIAM F. EMLEN and COUNTY OF SOLANO deny that plaintiff THOMAS BOCK would have to produce evidence that the scope of TWIN SISTERS GUN CLUB operations in 1948 was the same as it was in 2016 and that without a non-conforming user use permit, the business license application

2

was denied. The remaining allegations in paragraph 34 of plaintiffs' Complaint are admitted.

12. As to paragraph 39 of plaintiffs' Complaint, defendants WILLIAM F. EMLEN and COUNTY OF SOLANO lack sufficient knowledge, information or belief to enable them to admit or deny that at least one in-person visit from a member of the County Sheriff's Office was made or that TWIN SISTERS GUN CLUB complied with that demand. The remaining allegations in paragraph 39 of plaintiffs' Complaint are admitted.

13. As to paragraph 50 of plaintiffs' Complaint, defendants WILLIAM F. EMLEN and COUNTY OF SOLANO deny that Mr. Yankovich and defendant EMLEN were involved in making a determination that the property was a legal nonconforming use. The remaining allegations in paragraph 50 of plaintiffs' Complaint are admitted.

14. As to paragraph 51 of plaintiffs' Complaint, defendants WILLIAM F. EMLEN and COUNTY OF SOLANO admit that during the hearing that Smith stated that defendant COUNTY disputes a nonconforming use determination was made. The remaining allegations in paragraph 51 of plaintiffs' Complaint are denied.

**FIRST CLAIM FOR RELIEF:**
**Violation of Civil Rights Under Color of Law**
**(42 U.S.C. §1983)**
**Against all Defendants**

15. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO fully reincorporate the answers to paragraphs 1 – 14 above, as though fully alleged herein.

16. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO deny the allegations in paragraphs 58, 59, 60, 63, 64 and 65 of plaintiffs' Complaint.

17. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO lack sufficient knowledge, information or belief to enable them to admit or deny the allegations contained in paragraphs 57, 61 and 62 of plaintiffs' Complaint.

**SECOND CLAIM FOR RELIEF:**
**Writ of Administrative Mandamus**
**(CAL. CODE CIV. PROC. §1094.5)**
**Against Defendants EMLEN, TRAN, and COUNTY**

18. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO fully

reincorporate the answers to paragraphs 1 – 17 above, as though fully alleged herein.

19.   Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO admit the allegations in paragraphs 70 and 71 of plaintiffs' Complaint with the caveat that discretion was vested in the hearing officer to adjudicate the denial of plaintiffs' business license application in conjunction with its issues of non-conforming use.

20.   Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO deny the allegations in paragraphs 67 and 72 of plaintiffs' Complaint.

21.   Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO lack sufficient knowledge, information or belief to enable them to admit or deny the allegations contained in paragraphs 68 and 69 of plaintiffs' Complaint.

### THIRD CLAIM FOR RELIEF:
### Writ of Ordinary Mandamus
### (CAL. CODE CIV. PROC. §1085)
### Against Defendants EMLEN and COUNTY

22.   Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO fully reincorporate the answers to paragraphs 1 – 21 above, as though fully alleged herein.

23.   Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO deny the allegations in paragraphs 74, 75, 76, 77 and 78 of plaintiffs' Complaint.

### AFFIRMATIVE DEFENSES

24.   AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiff TWIN SISTERS GUN CLUB is not a legal entity, person or association and has no such documentation making it a recognizable entity. As such, plaintiff TWIN SISTERS GUN CLUB lacks standing and jurisdiction to bring any of the claims alleged in the Complaint against defendants. Plaintiff TWIN SISTERS GUN CLUB also lacks standing and jurisdiction because as a non-existent entity, it has no damages.

25.   AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state facts sufficient to constitute a cause of action or set forth a claim upon which relief can be granted.

4

26. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs failed to properly mitigate their damages, if any existed.

27. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, to the extent that there is any claim for special damages, plaintiffs have failed to state this claim with sufficient specificity.

28. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that the Complaint is uncertain.

29. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs are barred by the provisions of California Code of Civil Procedure sections 338, 339, 340(3) and 343, Civil Code section 52, Government Code sections 12960, 12965, and 12989.1.

30. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs failed to exhaust their administrative, judicial, and/or contractual remedies.

31. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that any harm or damage allegedly suffered by plaintiffs were caused by their own intentional and/or negligent acts and/or omissions.

32. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs are estopped from bringing this lawsuit.

33. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs' claims are barred by the doctrine of unclean hands.

34. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, at all times, all actions taken with regard to plaintiffs, if any actions were taken with regard to plaintiffs, were just, fair, honest, in good faith, privileged, without discrimination and based upon legitimate business reasons.

35. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that if plaintiffs suffered any emotional distress (and defendants deny that plaintiffs suffered any such distress), their emotional distress was proximately caused by factors other than plaintiffs' club, the action of defendants, or anyone acting on defendants' behalf.

5

*DEFENDANTS WILLIAM F. EMLEN AND COUNTY OF SOLANO'S ANSWER TO PLAINTIFFS TWIN SISTERS GUN CLUB AND THOMAS BOCK'S COMPLAINT; DEMAND FOR JURY TRIAL*

36. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that if plaintiffs suffered any emotional distress (and defendants deny that plaintiffs suffered any such distress), plaintiffs contributed to their own distress and, by reason of their contribution, any remedy to which they might otherwise be entitled must be denied or reduced accordingly.

37. AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs' Complaint and the purported causes of action alleged therein fail to allege facts sufficient to constitute extreme or outrageous conduct, and therefore fails to state a cause of action for emotional distress.

38. AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants claim and plead the immunities from liability for any and all injuries and damages alleged in the Complaint on file herein, the defenses and all rights granted to it by virtue of the provisions of California Government Code, Sections 810 through 996.6, inclusive.

39. AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants claim plaintiffs have failed to comply with the claim filing requirements of the California Government Code, specifically sections 905.2 through 911.2 and 950.2 and, therefore, their claims are barred pursuant to the applicable California Government Code statutes.

40. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege the Complaint fails to state facts sufficient to constitute a cause of action for attorneys' fees.

41. AS AN EIGHTEENTH SEPARATE, AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each and every cause of action contained therein, these answering defendants allege plaintiffs consented to and approved all the acts and omissions about which plaintiffs now complain. Accordingly, plaintiffs are barred from pursuing this action.

42. AS A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, and to each and every cause of action contained therein, these answering defendants allege that the acts or omissions of plaintiffs and/or others including, without limitation in negligence, fault, breach of contract, and other wrongful and tortuous

6

*DEFENDANTS WILLIAM F. EMLEN AND COUNTY OF SOLANO'S ANSWER TO PLAINTIFFS TWIN SISTERS GUN CLUB AND THOMAS BOCK'S COMPLAINT; DEMAND FOR JURY TRIAL*

conduct, bars and estops plaintiffs from obtaining the recovery requested, specifically for any and all damages, or any recovery at all, and by reason of such acts and omissions, plaintiffs also waived all claims for the recovery requested.

43. AS A TWENTIETH, SEPARATE DEFENSE to the Complaint, defendants allege that the causes of action for equitable relief or remedies sought through plaintiffs' Complaint are barred by the doctrines of collateral estoppel, waiver, res judicata, laches, and unclean hands.

44. AS A TWENTY-FIRST, SEPARATE DEFENSE to the Complaint, defendants allege that at all time relevant herein, these answering defendants acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any state or federal right possessed by the plaintiffs. Defendants allege that they did not violate any state or federal statute, or any public policy of the State of California.

45. AS A TWENTY-SECOND, SEPARATE DEFENSE to the Complaint, defendants allege they are entitled to immunity for performing discretionary and judicial functions which did not violate any clearly established or statutory constitutional rights of plaintiffs.

46. AS A TWENTY-THIRD, SEPARATE DEFENSE to the Complaint, defendants assert that they acted in good faith. Insofar as any defendant has delegated any duty to any subordinate, such delegation was at all times done in good faith and with due care. Defendants are, therefore, not liable for any act or omission of any subordinate.

47. AS A TWENTY-FOURTH, SEPARATE DEFENSE to the Complaint, defendants allege that at all times and places of the events described in the Complaint, plaintiffs were intentionally, negligently or otherwise legally at fault and plaintiffs proximately caused or contributed to, in whole or in part, to the injuries, and losses alleged in the Complaint if any. As a consequence, the Complaint is barred or recovery is reduced in direct proportion of the amount of comparative or other legal fault or responsibility on the part of plaintiffs.

48. AS A TWENTY-FIFTH, SEPARATE DEFENSE to the Complaint, defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to this action, as the matter progresses through discovery, and accordingly, these answering defendants

7

DEFENDANTS WILLIAM F. EMLEN AND COUNTY OF SOLANO'S ANSWER TO PLAINTIFFS TWIN SISTERS GUN CLUB AND THOMAS BOCK'S COMPLAINT; DEMAND FOR JURY TRIAL

reserve the right to assert additional affirmative defenses, if, and to the extent that such affirmative defenses are applicable.

49. AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs' claims are barred because no adverse action has been taken against plaintiffs as to their property and their claims are not ripe. Furthermore, because the claims are not ripe, the federal court lacks subject matter jurisdiction.

50. AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, plaintiffs have no viable claim against the COUNTY OF SOLANO because the actions of which they complain are not violation of any official policy or longstanding practice of the COUNTY OF SOLANO. The actions of any COUNTY OF SOLANO employees as complained of by plaintiffs are not the result of any official policy or longstanding practice or custom. Furthermore, the complaints of plaintiffs against the COUNTY OF SOLANO are barred because the alleged injury is not caused or ratified by any individual with policymaking authority.

51. AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs requested relief concerning their real property does not involve denial of a protected property or right and, as such, it is without merit.

52. AS A TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs have no vested right to develop their property outside the parameters of approved permits and, as such, their claims against defendants are deficient. Plaintiffs' claims against defendants are barred because they are an attempt to develop property outside the context of approved permits.

53. AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants allege that they had a legitimate governmental regulatory reasons for acting as they did and consequently, plaintiffs' due process claims are without merit.

54. AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs' equal protection claims are barred because they are not a member of a protected class. Furthermore, plaintiffs have been treated similar to other property owners within the COUNTY OF SOLANO.

55. AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants allege that there is no connection between their actions as alleged by plaintiffs and plaintiffs' alleged constitutional injury. Furthermore, and at all times, the actions of defendants were a good faith interpretation that they were acting within the law and there is no connection or link between the actions of defendants and any deprivations allegedly suffered by plaintiffs. As such, plaintiffs' claims are barred as to defendants.

56. AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants contend that they were reasonable in believing that their conduct was lawful in all of the situations involving plaintiffs and, therefore, they have immunity concerning the claims alleged against them.

57. AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint, defendants allege that the Court lacks subject matter jurisdiction to hear plaintiffs' claims.

Having completely and fully provided their answer to the Complaint, defendants WILLIAM F. EMLEN and COUNTY OF SOLANO also deny plaintiffs' prayer for relief.

## PRAYER

WHEREFORE, defendants WILLIAM f. EMLEN and COUNTY OF SOLANO pray for relief as follows:

1. That plaintiffs' Complaint against defendants WILLIAM F. EMLEN and COUNTY OF SOLANO be dismissed with prejudice;

2. That defendants WILLIAM F. EMLEN and COUNTY OF SOLANO be awarded reasonable attorney's fees and costs; and

3. That defendants WILLIAM F. EMLEN and COUNTY OF SOLANO be awarded such other and further relief as the Court deems just and equitable.

///
///
///
///

*DEFENDANTS WILLIAM F. EMLEN AND COUNTY OF SOLANO'S ANSWER TO PLAINTIFFS TWIN SISTERS GUN CLUB AND THOMAS BOCK'S COMPLAINT; DEMAND FOR JURY TRIAL*

4. Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO also hereby respectfully make a demand for a trial by a jury of their peers.

Dated: April 12, 2018.

MATHENY SEARS LINKERT & JAIME LLP

By: /s/ Raymond Bangle III
RAYMOND BANGLE III
Attorneys for Defendants WILLIAM F. EMLEN and COUNTY OF SOLANO

10

DEFENDANTS WILLIAM F. EMLEN AND COUNTY OF SOLANO'S ANSWER TO PLAINTIFFS TWIN SISTERS GUN CLUB AND THOMAS BOCK'S COMPLAINT; DEMAND FOR JURY TRIAL